Per Curiam,.

The principle suggested by the plea in this case, as a rule of law, respecting societies not incorporated by some statute of this commonwealth, that the members are to sue in their private capacities and names, as individuals and copartners, has no foundation in any maxim, or in any argument of public convenience or policy, or in any positive provision of any statute. Our legislature recognize, in many instances, and to many purposes, corporations existing by foreign laws ; particularly those created by laws of any of the United States, as in the statutes against forgery and counterfeiting; and other instances might be mentioned.
Corporations are artificial persons, and their existence and rights are to be proved, whether the result of a public or private statute, domestic or foreign, as any other fact of that nature is to be proved. Of public corporations within this commonwealth, whether sole or aggregate, the Court are judicially informed, as they are of all other public statutes ; and as to private corporations, and those, whether public or private, which exist by the laws of any other state, or within any foreign jurisdiction, these are to be proved, and satisfactory evidence will be required, as of any other fact material in an issue to the country. But the powers of corporations to sue a personal action within this state are not restricted to corporations created by the laws of this commonwealth, as supposed by this plea in abatement, which is adjudged bad and insufficient. (1)

Respondeos ouster awarded.

ADDITIONAL NOTE.
TA foreign corporation cannot be sued in Massachusetts. — Peckham vs. North, &c., 16 Pick. 274.
In an action upon a joint contract, made by such corporation and an individual, it seems, the former need not be named in the writ.—Ibid.
In Pennsylvania, a foreign corporation cannot be summoned by a service on its head or chief officer, who happens to be at the time within the territorial jurisdiction of the court. — Nash vs. The Rector, Sec., 1 Miles, 78.
In Connecticut, a foreign corporation, a part of whose stockholders reside there, is not liable to be sued by writ of summons in the courts of that state.—Middlebrook vs. The Springfield, Sec., 14 Conn. 301.
Where,"to an action on contract, brought by a foreign corporation, the defendant pleads the general issue; this is an admission of the capacity in which the action u brought. — Phenix, &c., vs. Curtis, 14 Conn 437. — F. H.]

 Henriques vs. The Dutch West India Company, 2 Lord Raym. 1532. — 1 Str. 612. -Silver Lake Bank vs. North, 4 Johns. Ch. R. 370.—Eagle Bank at New Haven vs. Chapin, 3 Pick. 180.