Parker, J.
There is a preliminary point in this case, which at the suggestion of the court has been re-argued, and upon which the judgment in my opinion must be reversed, and judgment entered for the appellant.
There is no direct evidence in the record, that The Bank of Marietta was ever incorporated, and no proof at all of the fact, unless it can be inferred by the court from the evidence stated in the demurrer. I am of opinion, that there is nothing in that evidence, from which the court can reasonably infer that the plaintiffs *243 were an incorporated company. The evidence only tends to prove, that they were trading and doing business, as if they were incorporated. Every fact reasonably to be inferred from the evidence, is as consistent with the idea that the Bank of Marietta was one of those unincorporated associations, so common in our country, which have usurped the privilege of banking, as that this privilege had been conferred by law. The execution of the note by M’Calley; its indorsement; its negotiability at the bank, and its actual negotiation, are facts which appear to me to have no bearing upon the question of incorporation or no incorporation. They do not admit the existence of a corporation, although they may admit the trading or contracting with persons claiming to hold that artificial character. The same circumstances concurred in almost all the cases (hereafter mentioned) in which it has been held, that a corporation suing, must at the trial, where the general issue is pleaded, prove that it is a corporation. Nor can the recovery of the amount of the note from M’ Galley by a judgment of this court (see 2 Rand. 465.) influence the decision of this question. The points arising in that case, did not make it necessary for the court to enler into the inquiry whether the plaintiffs were an incorporated company or not. The court, from the nature of the pleadings, were bound to presume (as mr. Stanard in that case properly argued) that the plaintiffs had proved they were a corporation, or they could not have maintained their action. And, moreover, if the court had decided that there was such proof in that case, this adjudication of a fact would not bind the defendant in this action. To say that the jury could infer the fact here, from the finding that the Bank of Marietta had, on some occasion, successfully maintained an action in one of our courts, against another defendant, where the question might not even have been raised or thought of, would be to bind the defendant in the case now under *244 consideration, by proceedings to which she was neither . party nor privy.
Some re^ance has been placed upon the defendant’s special plea, that the plaintiffs had never been incorporated by a law of this state, as an indirect admission that they were incorporated by a law of Ohio, as the declaration averred. But this appears to me to be a strained and unauthorized inference. It might have been said with equal or greater plausibility, that the overruled demurrer to the declaration, admitting the fact of the incorporation, would have authorized the jury, without further proof, to find it. But it is a rule well settled, that one branch of a pleading cannot be referred to in support of another. No admission made, directly, or by inference, in a party’s pleading, can be referred to, to help or aid another plea, or to supply evidence necessary to be given under it.
It has been said, that no proof of the plaintiffs being an incorporated company was called for, and that the case proceeded upon the concession that there was such an incorporation. But we have no right to say this, if the plea of non assumpsit imposed upon the plaintiffs the burden of producing such proof. This was a call upon them to supply it, in the only mode that we can recognize as proper or necessary. It was, in effect, a legal requisition upon them to prove every material allegation in their declaration, and every fact essential to the maintenance of their action. We may regret, that the practice of allowing demurrers to evidence, sometimes tends to surprise a plaintiff, by his inadvertently omitting evidence which could easily be supplied; but this has never been urged as a reason for not holding him to the proof made necessary by the nature of the defence.
Then the only remaining question is, whether the plea of non assumpsit put in issue the fact of the plaintiffs being a legal corporation. I understood the counsel for the appellees as hardly contesting this principle. It is, *245 as I think, clearly established by the following cases, J J ° which either directly adjudge, or proceed upon the assumption, that although it is not necessary in the declaration to aver the incorporation, it is necessary, under the general issue, to prove it. Grays v. Turnpike Company, 4 Rand. 578. Rees v. Conococheague Bank, 5 Rand. 326. Taylor’s adm'r v. Bank of Alexandria, 5 Leigh 471. Henriques v. Dutch E. I. Co. 2 Ld. Raym. 1532, 5. Norris v. Staps, Hob. 211. Jackson v. Plumbe, 8 Johns. Rep. 295. Bill v. Fourth Western Turnpike Co. 14 Id. 416. Bank of Auburn v. Weed, 19 Id. 300. Portsmouth Livery Co. v. Watson, 10 Mass. Rep. 91. Bank of Utica v. Smalley, 2 Cowen 770.
The other judges concurred. Judgment reversed.