## FIRST BAPTIST CHURCH IN BRISTOL *versus* JONA-THAN B. SLADE.

The Revised Stat. *c.* 94, § 54, providing, that where "any county, city, town, district or precinct, or any parish, or any incorporated or legally organized religious society, or any school district, or any incorporated mutual fire insurance company," shall be, in its corporate capacity, a party to a suit, any member of such corporation may be admitted, on the trial, as a witness, applies to the members of corporations of the same nature created by the authority of other States.

But, *it seems*, the Court will, before applying this rule to any particular foreign corporation, look into the character of the corporation, to see that it is of the class of corporations contemplated by the statute, not in name merely, but in substance.

THIS was a writ of entry to recover a certain messuage in Somerset. The demandants counted on their own seisin within twenty years.\*

The trial was before *Morton* J.

The demandants, to maintain the action on their part, produced an act of the General Assembly of Rhode Island, by which they were incorporated under the name of the "The First Baptist Church in the town of Bristol."

In the course of the trial, the demandants offered as witnesses, Lemuel W. Briggs and Charles Shaw, both of whom

---

\* Morton J. did not sit in this case.

D

were members of such corporation. The tenant objected to their admission ; but the judge overruled the objection, and they were admitted.

A default was entered, subject to the opinion of the whole Court. If the witnesses were improperly admitted, a new trial was to be granted, or such other disposition made of the case as the Court should order.

*Warren* and *Colby*, for the tenant, cited Revised Stat. *c.* 94, § 54 ; *Lufkin* v. *Haskell*, 3 Pick. 356 ; *Odiorne* v. *Wade*, 8 Pick. 518 ; *St.* 1792, *c.* 32 ; 1821, *c.* 99 ; 1826, *c.* 143, § 17 ; 1828, *c.* 54 ; 1834, *c.* 164.

*Coffin* and *Holmes*, for the demandants, cited Bull. N. P. 290, 291, and cases cited.

SHAW C. J. delivered the opinion of the Court. The only question now raised by the defendant is, whether Briggs and Shaw, members of the corporation, and called by the plaintiffs, were competent witnesses.

The general rule of the common law is, that members of corporations, having a pecuniary interest in the event of the suit, are incompetent witnesses. *Lufkin* v. *Haskell*, 3 Pick. 356 ; *Odiorne* v. *Wade*, 8 Pick. 518. But it is contended by the plaintiffs, that this disqualification is removed by the provision of the Revised Stat. *c.* 94, § 54. It provides, that in all cases, in which any county, city, town, district or precinct, or parish, or incorporated or legally organized religious society, or any school district, or any incorporated mutual fire insurance company, shall be, in their corporate capacity, parties to, or interested in any suit, &c., members may be admitted as competent witnesses, if there is no other objection.

The case of the plaintiffs is within the letter of this statute. They are a corporation, and the right in question is claimed by them in their corporate capacity. But the defendant contends, that the statute intended to apply only to corporations created by the authority of this State. But we see no reason for thus limiting the operation of a useful and remedial statute. We do in many instances recognize corporations established by other States ; and they are permitted to maintain actions in our courts. *Portsmouth Livery Stable Co.* v. *Watson*, 10 Mass. R. 91. In this case if the plaintiffs could not sue as a cor-

poration, or could not be seised of lands in their corporate capacity, the tenant would have a much better defence than objecting to the competency of these witnesses. But no such question has been raised.

Before applying this rule to any particular case, the Court will undoubtedly look into the nature and character of the corporation, to see that it is of the class of corporations contemplated by the statute, not in name only, but in substance. For instance, the statute names "mutual fire insurance companies." We should take notice, that the legislature intended a class of insurance companies in this Commonwealth, in which every person insured becomes a member, and has an interest, but that interest is so minute, that the legislature has thought it proper .o put them upon the footing of counties, towns and parishes, in which each member has a very small pecuniary interest. But should another State incorporate a company by the name of a mutual insurance company, but in fact a joint stock company, in which each member might hold a large amount of stock and be deeply interested, as in case of the common insurance companies here, the stockholders would not be competent witnesses.

The Court, we think, can as well ascertain the fact, of a company being incorporated in another State, and also the character of such corporation, as if incorporated in this Commonwealth. And where a corporation established by the legislature of another State, and allowed by law to maintain an action here, is not only within the literal provision, but within the reason and intention of the statute, we think the statute must apply to it, and therefore that the witnesses were competent and rightfully admitted.

*The default to stand.*