THE PRESIDENT, DIRECTORS, AND COMPANY OF THE BANK OF WASHTENAW, plaintiffs in error, *v.* WILLIAM MONTGOMERY, defendant in error.

*Error to Cook.*

In an action by a foreign banking company, as assignee or endorsee of a promissory note, where the record does not show the place of endorsement, the Court will presume that the note was transferred at the banking house of the company, out of the State.
*Semble,* That a foreign bank or corporation may contract in the State of Illinois.
*Semble,* That it is not necessary in a declaration by a corporation, to aver the corporate existence, or to plead the act of incorporation.
Nothing is better settled, than that corporations may institute suits in the courts of other States and countries, than those under whose laws they may have been established.

THIS was an action of *assumpsit* in the Cook Circuit Court.

Bank of Washtenaw *v.* Montgomery.

The plaintiffs, in their corporate name, declared against the defendant, as assignees of a promissory note made by the defendant, of which the following is a copy :

" $ 5,000.                    *Chicago, August* 1*st*, 1836.
" Twelve months after date, I promise to pay D. B. & N. J. Brown, or order, five thousand dollars, with ten per cent. interest from date, payable at the Branch of the State Bank of Illinois, at Chicago.                    W. MONTGOMERY."

Endorsed, " D. B. & N. J. Brown."

The declaration also contained the common money counts. The defendant craved *oyer* of the note, and demurred to the whole declaration, assigning the following causes of demurrer :

1. That a private corporation has no power to contract and sue out of the State from which it derived its existence.

2. That a private corporation has no right to sue out of the State from which it derived its corporate vitality.

The plaintiffs joined in demurrer, and the Court took the cause under advisement, and gave judgment for the defendant.

The cause was heard at the August term, 1838, before the Hon. John Pearson.

J. BUTTERFIELD and JAMES H. COLLINS, for the plaintiffs in error :

I. A foreign corporation may contract in this State. Its capacity to contract is not confined to particular territorial limits.

1. Blac. Com. 475. " After a corporation is formed and named, it acquires many powers, rights, capacities, and incapacities," &c. " Some of these are necessarily and inseparably incident to every corporation ; which incidents, as soon as a corporation is duly erected, are tacitly annexed of course ; as,

" 1st. To have perpetual succession.

" 2d. To sue or be sued, implead or be impleaded, grant or receive, by its corporate name, and do all other acts as natural persons may.

" 3d. To purchase lands, and hold them, &c.

" 4th. To have a common seal.

" 5th. To make by-laws, &c., for the better government of the corporation."

*Id.* 476, margin. " And these five powers are inseparably incident to every corporation, at least, to any corporation aggregate."

*Vide* 2 Kent Com. 277, to the same point.

The powers and rights of a corporation are no more local than those of an individual. It is considered a " moral person, capable, under an artificial form, of taking and conveying property, contracting debts and duties, and enjoying a variety of civil and political rights." 2. Kent Com. 267.

Henriques v. Dutch West India Company, 2 Ld. Raymond 1535.

In this case the plaintiff had, as defendant in the Court below, entered into a recognisance of bail in a suit brought by the Company. And on error in the House of Lords, it was objected, that no recognisance in England could be given to the corporation, " for that the law of England does not take notice of any foreign corporation, nor ·can any foreign corporation maintain any action at common law, in this kingdom, and that therefore the recognisance was void in law."

" And the judgment of the King's Bench was affirmed by the House of Lords."

2 Blac. Com 341. " A recognisance is an obligation of record." "It is in most respects like another bond; the difference being chiefly this, that the bond is the creation of a fresh debt or obligation *de novo;* the recognisance is an acknowledgment of a former debt upon record."

II. A foreign corporation may sue in the courts of this State.

Angel & Ames on Corporations 209 ; The Dutch West India Company v. Henriques and Moses, 1 Strange 613, marginal paging.

The contract in this case was made in Amsterdam. "On the trial at *nisi prius,* before King, Chief Justice, two points were reserved for the consideration of the Court, first, whether the articles (contract) could be sued in England ; secondly, whether this was a good name to sue by.

"*Per totam Curiam.* The action is well brought, and they were all of opinion for the Company on both points; and the judgment was affirmed in B. R. and in Parliament."

The second point made in the case from Ld. Raymond, under the first point above made was, that "if any recognisance could be acknowledged to this pretended Company, yet no suit could be 'maintained without setting out the names of the individuals, ' &c ; and also, that no ' foreign corporation, in their corporate name and capacity, can maintain an action at common law in this kingdom.' " &c.

The Portsmouth Livery Company v. Watson, 10. Mass. 91. To an action of trover, the defendants pleaded in abatement — " That the Portsmouth Livery Company is not a body incorporated by the legislature of the Commonwealth, or under any law enacted by said legislature, or any authority of said Commonwealth ; and are not by the laws of the Commonwealth authorized to sue in this action, in and by the name of the Portsmouth Livery Company, in the name and power as they have declared, &c."

The Court said :

" Corporations are artificial persons, and their existence and

rights are to be proved, whether the result of a public or private statute, domestic or foreign, as any other fact of this nature is to be proved. Of public corporations within this Commonwealth, whether sole or aggregate, the Court are judicially informed, as they are of all other public statutes; and as to private corporations, and those, whether public or private, which exist by the laws of any other State, or within any other foreign jurisdiction, these are to be proved, and satisfactory evidence will be required, as of any other fact material in an issue to the country. But the powers of corporations to sue a personal action within this State, are not restricted to corporations created by the laws of this Commonwealth, as supposed by this plea in abatement, which is bad and insufficient."

Silver Lake Bank v. North, 4 Johns. Chan. 370. "It is well settled, that foreign corporations may sue here in their corporate names, and may prove, as a matter of fact, if the same were denied, that they were lawfully incorporated. The Bank of the United States has sued in our courts, (1 Johns. Cas. 132.) In Henriques v. Dutch West India Company, (2 Ld. Raym. 1552, 1 Str. 612,) a suit was brought by a Dutch corporation and sustained, both in the King's Bench, and in the House of Lords, though it was objected in that case, that a foreign corporation could not maintain a suit. This Court ought to be as freely open to such suitors as a court of law, and it would be most unreasonable and unjust to deny them that privilege. They might well exclaim,

> ' Quod genus hoc hominum ?
> —— hospitio prohibemur arena.' "

On the third point in the case, the Chancellor said, "It is further said, that to support and enforce this mortgage, would be repugnant to the act restraining unincorporated banking associations. There is no allegation or proof of any fraudulent intent against the statute, and, certainly, none is to be intended or presumed."

Remark. — The party demurring must be confined to the special causes assigned. The demurrer does not and could not raise the question, that the purchase of the note in this case was against any restraining act, or illegal.

And it seems to me, that none of the questions intended to be raised, can be raised by demurrer, but only by plea. The Court will not intend in support of the demurrer, that this corporation is a foreign bank, and not incorporated by the legislature of this State.

New Jersey Protection and Lombard Bank v. Thorp, 6 Cowen 46. — " Curia : It was very properly conceded on the argument, by the counsel for the defendant, that foreign corporations may sue here. Nothing is better settled."

It has been repeatedly decided, that a foreign sovereign or nation may sue in the English Courts.    Nabob of Arcot *v.* East India Co. 4 Br. Ch. Rep. 180.

The King of Spain *v.* Machado, 3 Eng. Cond. Ch. Rep. 643. This suit was a bill filed against the agents of the government for Spanish rents, and it was not questioned but that the king, in his corporate character, could sue in the English Chancery.

1 Johns. Cas. 132, Angel & Ames on Corporations 382.  On the argument at the circuit, it was urged, that we have not shown in the *narratione* that the plaintiffs were incorporated, or had a legal existence, &c.  This question does not seem to be raised, and the law being that a corporation is not bound, in pleading, to set forth the act creating it, it is satisfactory to my mind, that its right to contract and sue cannot be questioned except by plea.  Bank of the United States *v.* Haskins, 1 Johns. Cas. 132.  Defendants pleaded in abatement, that plaintiffs had not set forth any act incorporating them, &c.  Court: "On examining precedents we are satisfied, that whether the act of Congress incorporating the Bank of the United States be viewed either as a public or private act, it was not necessary to set forth the act itself, nor the names of the individuals composing the Company."

Points and authorities for the defendant in error :

1.  The declaration does not show that there is any such corporation as the plaintiffs ; none is contained in the public laws of this State.  If a private or a foreign corporation, its charter should have been pleaded.  1 Blac. Com. 80 ; Harrington (Del.) 200.

There can be no moneyed institution in the State of Illinois, except the State Bank and branches, and the banks in existence at the adoption of the Constitution.  State Constitution, Art. 8, § 21 ; R. L. 201 ; Gale's Stat. 223.

2.  A corporation has no power to sell goods and deal in merchandise, or to deal in promissory notes, unless that power be expressly conferred ; and the pleadings should show it, in case of foreign or private corporations.  West. Dig. 143 ; 1 McCord 80.

3.  A foreign corporation cannot sue in this State, except upon a contract made out of it ; and the facts should appear upon the record.  See 1 Missouri 184, where it was held that the Bank of Edwardsville could not purchase promissory notes.

Unless authorized by statute, an action of *assumpsit* does not lie either by or against a corporation.  2 Stark. Ev. 244.  See also Betts *v.* Menard, Breese's Appendix 15.

J. Y. Scammon, Fr. Peyton, and A. G. Leary, for the defendant in error.

Smith, Justice, delivered the opinion of the Court :

This was an action upon a negotiable promissory note, assigned to the plaintiffs in error.

The defendant, in the Circuit Court, demurred to the declaration, and assigned specially the causes and grounds of demurrer relied on, to wit : First, A private corporation has no power to contract out of the State from which it derived its corporate existence, unless the State in which such contract was made and sought to be enforced, has passed some statute law giving to foreign corporations the right to contract and sue in such State. Secondly, A private corporation has no right to sue out of the State from which it has derived its corporate vitality, for no State can legally or constitutionally delegate contracting powers to a corporation or person to contract without the State, unless to an individual agent to contract for and in behalf of the State sovereignty. Upon these causes, assigned by the defendant in the Circuit Court, it gave judgment for the defendant, sustaining the causes of demurrer.

The correctness of this decision is now presented for review here.

It may be proper to premise, before entering into an investigation of the reasons and principles of the decision of the Circuit Court, that it does not appear from the record, in any way, that the Bank of Washtenaw is a foreign corporation, and unless we are to take judicial notice of the absence of such an incorporation on our books of statutes, we cannot, for the purpose of consideration in this case, know that it is a corporation of foreign birth.

Again there is nothing appearing in the declaration, or in the pleadings, to show whether the note declared on was purchased and assigned to the Bank of Washtenaw, in or out of the State of Illinois.

No evidence whatever exists in the case to show where the transaction took place ; and it may with propriety be inferred, that the note was negotiated and ˙transferred at the banking house of the company, out of the State, rather than that the transaction took place within the State.

Upon the first ground assumed, it appears, then, that the question attempted to be raised is not really presented by the record. We should, however, have had no difficulty in deciding on this right attempted to be questioned by the demurrer, upon the principles laid down by the Supreme Court of the United States, in the case of the Bank of Augusta *v.* Earle,(1) in which that question has been elaborately considered, and decided in favor of the right ; but it is deemed not necessary, because the question is not fairly presented for adjudication by the case.

Upon the second ground there can be no doubt. The numer-

(1) 13 Peters 519.

ous adjudged cases in which this right has been recognised and settled, as well on principle as on grounds of public policy and comity between the several States of the Union, ought to be conclusive and satisfactory. It is supposed that nothing is better settled, than that corporations may institute suits in the courts of other States and countries than those under whose laws they may have been established. This rule will be found to be recognised in the authorities.(1)

This principle is fully recognised in the case of the Bank of Augusta v. Earle. The Chief Justice, in delivering his opinion, remarked, " In England, from which we have received our general principles of jurisprudence, no doubt appears to have been entertained of the right of a foreign corporation to sue in its courts, since the case of Henriques v. The Dutch West India Company, decided in 1729 ;(2) and it is matter of history, which this Court is bound to notice, that corporations, created in this country, have been in the open practice, for many years past, of making contracts in England of various kinds, and to large amounts, and we have never seen a doubt suggested there, of the validity of those contracts, by any court or jurist."

In the case of the Silver Lake Bank,(3) the Chancellor of New York held, that a corporation created by the legislature of Pennsylvania, had a right to enforce a mortgage on real property in New York, by a proceeding in the court of chancery of New York.

It cannot well be imagined that the courts of any State would refuse to execute a contract by which a corporation had borrowed money in another State than that by which it was created.

In a case decided in Alabama,(4) it has been held that a corporation of another State may sue in its courts.

The decision is put on the ground of comity between the States.

Unless, then, there should be a prohibition by statute, we can see no possible ground on which to rest the objection to the right of a foreign corporation to maintain an action in our courts.

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings.

*Judgment reversed.*

(1) Roll. Abr. 531 ; 2 Bulstrode 32 ; Hobart 113 ; 9 Vesey 347 ; 1 Vesey Jr. 371 ; 2 Ld. Raym. 152 ; 1 Strange 612 ; 10 Mass. 91 ; 5 Cowen 550 ; King of Spain v. Oliver, Pet. C. C. R. 276 ; Bank of Augusta v. Earle, 13 Peters 519.
(2) 2 Ld. Raym. 1532.
(3) 4 Johns. Ch. R. 370.
(4) 2 Stewart 147.