Shaw, C. J.
The only question submitted to this court by the exceptions is, whether a corporation, established by the laws of a foreign country, can maintain a transitory action in this Commonwealth. The court are of opinion that such action may be maintained; and this rule is well established by authorities. It was so held in the case of Portsmouth Livery Co. v. Watson, 10 Mass. 91. In many respects, the States of this Union are regarded as foreign jurisdictions; and in the case cited, the case of a company incorporated by another State, and that of a foreign government, are put on the same footing.
But the same thing has been adjudged as a principle of the common law, in The Dutch West India Co. v. Moses, 1 Stra. 612, and affirmed in the House of Lords. 2 Ld. Raym. 1535. See also National Bank of St. Charles v. De Bernales, 1 Ry. & Mood. 190.
That the plaintiffs are a corporation, and capable of suing in their aggregate capacity, is a fact to be proved by them in making out their case; and after verdict, we are to presume that such fact was conceded or proved at the trial; because no exception was taken on that ground.
Another point was taken on the argument, which is, that the *393 court ought to presume, from the name used, that the plaintiffs were an unincorporated joint stock company, and not a corporation. The name is well adapted to either. But the decisive answer is, not only that the point is not opened by the exceptions, but it is directly repugnant to the only exception that is taken. The exception assumes, or indeed asserts, that the plaintiffs are a corporation established by the laws of Gieat Britain, but insists that in point of law, they cannot, as such, maintain an action in this Commonwealth.

Exceptions overruled.