## BLACKSTONE MANUFACTURING COMPANY vs. INHABITANTS OF BLACKSTONE.

A corporation incorporated by the laws of another state, authorized by a statute of Massachusetts to hold real estate here, is taxable, under the *St.* of 1839, *c.* 139, § 1, and notwithstanding the Rev. Sts. *c.* 7, § 10, *cl.* 2, for stock employed in manufactures in a town in this state where it carries on its business.

SHAW, C. J.   This action is brought to recover back the amount of taxes assessed on this corporation during the six years next preceding the commencement of the action, which were paid by the corporation to the collector of taxes of the town of Blackstone, on warrants issued by the assessors of each year, in due form of law, requiring the collector in each year to collect the tax of that year, with the usual clause of distress to compel payment in default of payment by the corporation.   A demand for a reimbursement of these sums, as for taxes illegally assessed to the corporation and paid by them, was made by the corporation on the town previously to the commencement of the suit.

It appears by the agreed facts, that the plaintiffs are a corporation chartered by the State of Rhode Island.   They are therefore a foreign corporation created by, and having their legal existence in the State of Rhode Island.   *Bank of Augusta* v. *Earle*, 13 Pet. 519.   It is true that by the comity of states and nations, a foreign corporation, like a foreign individual, may maintain a suit to enforce their rights, in cases where the maintenance of such an action is not contrary to the policy or injurious to the rights of the State, or members of the State, in which it is brought.   And so in cases where a foreign corporation has property so situated within the limits and under the jurisdiction of this commonwealth, that it may be attached by the ordinary process of law, a suit may be maintained against such corporation by an attachment of such property, as it might under like circumstances against a foreign individual having property so situated.   *Portsmouth Livery Co.* v. *Watson*, 10 Mass. 91   *Peckham* v. *North Parish in Haverhill*, 16 Pick. 274

It is stated in Minot's Digest, Corporation, VII. pl. 1, as the result of this last case, that no action will lie against a foreign corporation ; but it is to be taken with the qualification afforded by the case itself, that the foreign corporation had no attachable property in this state.   For the old rule of the common law see *Dutch West India Co.* v. *Moses,* 1 Stra. 612.

But it is urged in behalf of the plaintiffs, that they have become naturalized, or made a Massachusetts corporation, by force of *St.* 1841, *c.* 24.   Let us examine it.   It provides that the Blackstone Manufacturing Company, a corporation established by law in the State of Rhode Island, is authorized to hold real estate in the town of Mendon, to an amount not exceeding $300,000.   It was an enabling act, and this is the whole extent to which power was conferred on them, or asked by the petition on which the act was founded.   This renders them no further amenable to the laws of the commonwealth, nor entitled to its privileges, than any other foreign corporation.

Is there then any distinction recognized in the law between a domestic and a foreign corporation ?   It appears to us there is a broad one.   A corporation is created by a charter from the government of the State or country, granted either by a special act of incorporation, or by some other public authority, appointed by law.   Its existence, its franchises, powers, capacities, duties and liabilities are created, fixed, limited and qualified, both in action and in time, by the law of the State granting the charter.   The law of such state can have no direct extraterritorial jurisdiction.   In the State where it is chartered, the law of the State, whether the special act creating it, or the general law, constituting and governing like bodies politic, applies to it in full force as positive law.   In any other state, though its existence may be recognized, and its rights protected to a limited extent, it is by the law of courtesy, adopted and acted upon as the law of nations amongst civilized communities.

It appears to us that the law of domicil affords a very good analogy, if not a test, in marking the distinction between a domestic and a foreign corporation.   Every man must have some domicil ; and no man can have more than one domicil.   It may

often be difficult to determine, on a complicated state of facts, where one's domicil is; yet, when fixed, it determines, to a great extent, his civil and social rights and responsibilities. If there were no distinction between a domestic and a foreign corporation, it would be equivalent to saying that a body, when it is once invested with the power of a corporation in one state, has an equal standing in all others; or in other words, it has no domicil anywhere, or has a domicil everywhere, either of which would lead to extraordinary, not to say absurd, consequences

Could a foreign corporation — say this Blackstone Manufacturing Company — be subject to penalties under the laws of Massachusetts, for not sending to assessors the names of their stockholders? *St.* 1853, *c.* 33. Or, without enumerating a great many specific duties required of domestic corporations, taking one decisive test; could a foreign corporation, though authorized to maintain an action here, and subject to be charged by judicial action, to the extent of their property within the jurisdiction of Massachusetts, be made subject to the insolvent law of corporations, *St.* 1851, *c.* 327? If so, could a like proceeding be commenced in Rhode Island, New Hampshire, Vermont, and New York, if the same foreign corporation had ever brought an action or been sued and had its property attached in such state? It seems to us manifest that such are the consequences to which this view of the question leads, and therefore that it cannot be the true view; but on the contrary, that a corporation, like a domiciled citizen, has certain relations in its home state, other than those which it holds in other states.

We have already said that whilst the special act recognized the existence of this corporation, it recognized them as a foreign corporation, and vested them with a power which would have been unnecessary, had they intended to recognize them as a domestic corporation for all purposes. This special power was to hold real estate; this carried with it, by implication, all powers necessarily incidental; as the power to take and receive, and also to execute and deliver all deeds of conveyance, and maintain and defend all suits, brought by or against them, in relation to the title of any real estate bought or sold by them.

Being, as a foreign corporation, authorized to purchase and sold lands in Mendon, near Blackstone, they of course became subject to be there taxed for their real estate as non-residents, and the plaintiffs do not dispute the validity of this part of the tax. Then as to the personal estate, unless within the special exception, they are expressly within the provision of *St.* 1839, *c.* 139, § 1, that "all stocks in trade, including stock employed in the business of manufacturing, or of any of the mechanic arts, in towns within the State, other than where the owners reside, shall be taxed in those towns, if the owners hire or occupy manufactories, stores, shops or wharves therein," &c. This is decisive that the stock held by the company for the purpose of trade, or employed in the business of manufacturing, should be taxed in the town of Blackstone, unless controlled by Rev. Sts. *c.* 7, § 10, *cl.* 2. But the court are of opinion that it is not so controlled; this mode of taxation was intended to apply only to domestic corporations, that is, exclusively to corporations deriving their charter from the laws of this commonwealth. The provision was obviously founded on the assumption that as a general fact, not universal, but usual and common enough for practical purposes, the stock of corporations in this commonwealth would be held by citizens of this commonwealth, and therefore it would tend to a more equal taxation, to provide that the value of the stock in such corporations, after deducting the fixed property, should be taxed as the personal property of the holders of its shares, in proportion to the number of the shares so held by each. No such assumption could have been taken, and no such consideration could have existed, in regard to the very few exceptional instances of real and personal property held and used in this state, by a foreign corporation.

Several other questions of some interest were discussed, on which it is not necessary to express an opinion, this being decisive of the present case.          *Judgment for the defendants.*

*H. Chapin & P. P. Todd,* for the plaintiffs.

*E. Washburn & G. F. Hoar,* for the defendants.