AMERICAN MUTUAL LIFE INSURANCE COMPANY *vs.* CHARLES M. OWEN & others.

A foreign corporation having a demand against a citizen of this State, on which an action can be maintained here, may take a mortgage of his real estate to secure such demand, and, in case of breach of condition, foreclose the same by action.

Production of a promissory note signed by husband and wife, with a mortgage to secure it, signed by her and in which he joins to signify his assent, and proof of breach of the condition, are sufficient *prima facie* evidence to support a writ of entry to foreclose the mortgage, without proving that she owned the land in her own right.

The nephew of one who had mortgaged land to a corporation, whose charter provided that it should make no loan to any of its agents or officers on any security whatever, testified that his uncle, before and at the time of making the mortgage, was actuary of the corporation, had an office as such, and had no other business. *Held*, that this testimony, if not shown to be the best evidence which could be had, was insufficient to defeat the right of the corporation to maintain an action on the mortgage.

WRIT OF ENTRY to foreclose a mortgage. Reuben R. Brewer, one of the defendants, pleaded nul disseisin, and the other defendants were defaulted.

At the trial in the superior court before *Putnam*, J., the plaintiffs gave in evidence their charter from the legislature of Connecticut; a promissory note to them, signed by Perley D. Whitmore and Mary P. his wife, upon which the principal and several years' interest appeared to be unpaid; a mortgage, to secure this note, dated April 17th 1852, made to the plaintiffs by Mrs. Whitmore, and in which her husband joined to signify his assent; and the record of a conditional judgment and writ of possession in favor of the defendant Brewer upon a mortgage dated July 6th 1853.

The defendant contended that the note, being signed by a married woman, was void so far as she was concerned, and good only against her husband; and that the mortgage was void, because it was not shown and could not be presumed that she owned the land, and had the right to mortgage it; and because, if she had such right, this mortgage was not valid to convey it. But the judge overruled these objections, and ruled that the plaintiffs had established a *prima facie* case.

The plaintiffs' charter provided that no loan should be made by the corporation to any of its officers upon any security whatever. The defendant called a nephew of Whitmore, who testified that his uncle, before and at the time of making the note and mortgage, was actuary of the corporation, had an office as such in the city of New York, and had no other business to the knowledge of the witness. This testimony was objected to by the plaintiffs, upon the ground that the records of the corporation were better evidence of the fact. The defendant contended that upon this testimony the note and mortgage were absolutely void, and would not support the action. But the judge ruled that the evidence was insufficient to go to the jury upon the facts proposed to be proved, and directed a verdict for the plaintiffs, which was returned, and the defendant alleged exceptions.

*I. Sumner & S. B. Sumner*, for the defendant. 1. The plaintiffs cannot maintain this action, because, as a corporation, they have no power to hold land in this state. Corporations of this state, unless empowered by their charter or our laws, ca 1

not hold land. *A fortiori*, a foreign corporation cannot hold land, or maintain a real action here. Rev. Sts. *c.* 44, § 6. *Cutter* v. *Davenport*, 1 Pick. 81. *Portsmouth Livery Co.* v. *Watson*, 10 Mass. 91. Story Confl. §§ 424–431. Angell & Ames on Corp. § 161. At common law, a foreign corporation could not be sued even in a personal action. *Peckham* v. *North Parish in Haverhill*, 16 Pick. 274. *M' Queen* v. *Middletown Manuf. Co.* 16 Johns. 5.

2. It cannot be presumed that the mortgagor, being a married woman, held the premises in her sole right, and could convey without joining her husband. *St.* 1845, *c.* 208. The note is void as to her. The mortgage is not valid against her or her husband.

3. The evidence that Perley D. Whitmore was actuary of the plaintiffs should have been permitted to go to the jury.

*B. Palmer*, for the plaintiffs.

METCALF, J. 1. The defendant Brewer denies that a foreign corporation can maintain a real action in this commonwealth. It is well settled, however, that such corporation may maintain an action of contract here for the recovery of its dues, or an action of tort for the recovery of damages done to its chattels. *British American Land Co.* v. *Ames*, 6 Met. 391. *Portsmouth Livery Co.* v. *Watson*, 10 Mass. 91. Angell & Ames on Corp. §§ 372–376. And we find no decision or intimation of this court that a real action cannot be maintained by such corporation. Such action was sustained by the circuit court of the United States, in *Society for Propagation of the Gospel* v. *Wheeler*, 2 Gallis. 105, and in *Runyan* v. *Lessee of Coster*, 14 Pet. 122, by the supreme court of the United States. On this point, it is not necessary that we should, in the present case, express any further opinion than this : That a foreign corporation, having a demand against a citizen of this state, on which an action can be maintained here, may take a mortgage of its debtor's real estate to secure such demand, and may thereby acquire the same rights which appertain to other mortgagees; and that such corporation, having such demand on such citizen, and recovering judgment thereon,

may levy an execution on its judgment debtor's real estate, with all the rights of any other levying creditor. *Silver Lake Bank* v. *North*, 4 Johns. Ch. 370. *Lathrop* v. *Commercial Bank of Scioto*, 8 Dana, 114. *Lumbard* v. *Aldrich*, 8 N. H. 31. *New York Dry Dock* v. *Hicks*, 5 McLean, 111. *Ward* v. *Poole*, 2 Kernan, 495.

2. The other objections to the validity of the note and mortgage were not pressed in argument, and seem to the court to be untenable.

3. The evidence that was offered to prove that Whitmore was the plaintiff's actuary was not shown to be the best which the case admitted; and as it was offered for the purpose of defeating a claim otherwise apparently legal and meritorious, we think the judge rightly held that it was insufficient for that purpose.                               *Exceptions overruled.*