## The Educational Society of the Denomination called Christians *v.* Varney.

In a writ brought and returnable in the county of M., the plaintiffs were described as " a corporation existing under and by virtue of the laws of Massachusetts." The defendant was described as resident of W., in the county of C. The action was assumpsit upon a promissory note made and dated at W., in the county of C., payable to the plaintiffs or order, in six months after date, with interest annually: " provided, that if said plaintiffs should fail to raise and apply as much as ten thousand dollars for the endowment of a school at Wolfeborough, N. H., according to the conditions of a lease from the Wolfeborough & Tuftonborough Academy, and if said lease should be thereby forfeited, then said note shall be void." The plaintiffs averred that the ten thousand dollars was raised for the purposes aforesaid, and therefore the lease was not forfeited. *Held*, that the action was transitory, and might be brought and prosecuted in the county of M.

No motion to abate a suit, dismiss an action, or quash a writ, can be sustained, except for some matter apparent on the record. If the defect does not appear on the face of the record, the defendant must allege it by plea.

The question of the citizenship of a party to an action can only be raised by a plea in abatement.

A corporation has no other individuality than in its corporate capacity. Its local status is not dependent upon the citizenship of the individuals composing the corporation.

An action by a corporation in its corporate name is presumed to be brought by citizens of the state which created it, and no averment or evidence to the contrary is admissible to defeat the jurisdiction of the court to which the action is returned.

A foreign corporation may contract and sue in their corporate name in this state.

ASSUMPSIT. The declaration is as follows:

In a plea of the case for that the defendant (Moses Varney), at Wolfeborough, to wit, at Concord, aforesaid, on the eleventh day of August, 1866, by his promissory note in writing of that date, by him subscribed, for value received, promised the plaintiff to pay to it or its order fifty dollars in six months after date, with interest semi-annually; yet, though said six months have long since passed, said note has not been paid, but the defendant still neglects so to do. Also, in a plea of the case for that the defendant, at Wolfeborough, to wit, at Concord, aforesaid, on the eleventh day of August, 1866, by his prom-

issory note in writing of that date, by him subscribed, for value received, promised the plaintiff to pay to it or its order fifty dollars in six months after date, with interest semi-annually : provided, that if said plaintiff should fail to raise and apply as much as ten thousand dollars for the endowment of a school at Wolfeborough, N. H.; according to the conditions of a lease from the Wolfeborough & Tuftonborough Academy, and if said lease should be thereby forfeited, then said note shall be void. And the plaintiff avers that said ten thousand dollars was raised for the purposes aforesaid, and that said lease, for the reason aforesaid, was not forfeited, of all which the plaintiff well knew ; yet, though said six months have long since passed, and though requested, said defendant has not paid the same. There are also the general counts. The plaintiff is set up as a corporation existing under and by virtue of the laws of the state of Massachusetts.

The defendant appeared specially, and moved to quash the writ for the following reasons: 1. We claim that the note being conditional,— viz., void, unless a ten thousand dollar fund should be raised to endow the Wolfeborough Academy, in Carroll county,—shows some privity of estate as well as privity of contract, and therefore the action is not transitory, but local, and should be brought in Carroll and not in Merrimack county. 2. That under the laws of Massachusetts, the Christian Society, a corporation organized under the laws of Massachusetts, might bring their action anywhere in Massachusetts could they catch the defendant there, but cannot bring it in any and every county in this state, but only in the county where the defendant or one of the plaintiffs lives. 3. That the Christian Society have no real estate either in New Hampshire or Massachusetts, except in Carroll county. 4. That the Christian Society is a corporation made up of directors in Massachusetts and New Hampshire, but none of which reside in Merrimack county, though there are some in Carroll county. 5. That under the statute—Gen. Stats., sec. 1, chap. 201—if it be held that the action is transitory, then, if the Christian Society be considered a corporation made up of several directors, part of which are in the state and part without, the action should be brought in Carroll, or some county other than Merrimack.

The qustions of law raised by the motion to quash were reserved.

*Barnard*, for the plaintiffs.

*Whipple* and *Carter*, for the defendant.

FOSTER, J. The first inquiry is, whether the present is a local or a transitory action. There is very little difficulty in determining to which of these two classes an action belongs. Whatever cause of action arises out of a local subject, or is a violation of a local right or interest, is local. Such are all real and mixed actions,—actions of ejectment, trespass *quare clausum*, trespass on the case for disturbance of a right of way, obstruction or diversion of watercourses, and whatever is founded upon privity of estate, even though pecuniary damages only, and not

a right or interest in land, may be recoverable. Such an action can only arise in a particular place, and the venue must be laid there.

Transitory actions are those personal actions which might have arisen in any county,—actions in assumpsit or of contract, actions which seek nothing more than the recovery of money, or personal chattels, whether they sound in contract or tort, because actions of this kind are generally founded on the violation of rights which, in contemplation of law, have no locality. Such are actions of assumpsit and contract, whenever the assumpsit or contract is not involved in privity of estate.

*Debitum et contractus sunt nullius loci*, 2 Inst. 230; Bouv. Law Dic.; Bouv. Inst. 2,644, 2,645; 1 Chitty Pl. \*270; Com. Dig., Action N, 4; 1 Sel. N. P. \*106; 1 Washb. Real Prop. \*339; Steph. Pl. \*289; *White* v. *Sanborn*, 6 N. H. 220, 222; *Worster* v. *Winnipissiogee Lake Co.*, 25 N. H. 525, 530; *March* v. *Eastern Railroad*, 40 N. H. 548, 574.

"Lord COKE says, that in debt, if a man declare upon a lease for years in one county, of land in another county, he ought to bring his action where the lease was made, and not where the land lies; for the action is grounded on the contract." *Bulwor's Case*, 7 Rep. 1; 1 Chitty Pl. \*270; *Gray* v. *Johnson*, 14 N. H. 420.

In the case before us the plaintiff has declared only for a cause of action clearly transitory.

We are unable to discover any privity of estate between these parties. Privity of estate is defined as " identity of title to an estate,"—" the relation which subsists between a landlord and his tenant." Bouv. Law Dict. " Privies in estate are as joint tenants, baron and feme, donor and donee, lessor and lessee," &c. Vin. Abr., Privity. " It is not easy," says Prof. Washburn, " to define in a few words what is meant in all cases by the expression ' privity of estate ;' but, in the matter of a covenant running with land, the language of WILDE, J., in *Hurd* v. *Curtis*, 19 Pick. 459, 464, furnishes a sufficient clue, where he says,— ' We are of opinion that this action cannot be maintained, as there was no privity of estate between the covenanting parties. Their estates were several, and there was no grant of any interest in the real estate of either party, to which the covenant could be annexed.' " 2 Washb. Real Prop. 262, 263; 1 Washb. Real Prop. 138; Taylor's Land. & Ten., sec. 436; Rawle on Cov., 4th ed., 314.

At common law a transitory action may be brought in any county— Com. Dig., Action N, 6; *Mostyn* v. *Fabrigas*, Cowp. 176 ;—but, by our statute, " transitory actions, in which both parties are inhabitants of the state, may be brought in the county of which either party is an inhabitant, and not elsewhere." Gen. Stats., ch. 201, sec. 1. If either party is not an inhabitant of the state, the action may be brought in any county.

The plaintiff society is described in the writ as a corporation existing under and by virtue of the laws of Massachusetts. This is a sufficient description of the locality of the corporation.

No motion to abate a suit, dismiss an action, or quash a writ, can be sustained except for some matter apparent on the record. If the matter does not appear on the face of the record, the defendant must allege it by plea. *Hawkes* v. *Kennebeck*, 7 Mass. 461 ; *Rathbone* v. *Rathbone*, 4 Pick. 90 ; *Nye* v. *Liscombe*, 21 Pick. 265 ; *Amidown* v. *Peck*, 11 Met. 467 ; *Haverhill Ins. Co.* v. *Prescott*, 38 N. H. 399. The question of the citizenship of a party can only be raised by a plea in abatement. *De Wolf* v. *Raband*, 1 Pet. 476.

A corporation has no other individuality than in its corporate capacity. Its local status is not dependent upon the citizenship of the individuals composing the company. Ang. & Am. on Corp., sec. 373 ; 1 Str. 612 ; *Portsmouth Livery Co.* v. *Watson*, 10 Mass. 91 ; *Louisville Railroad Co.* v. *Letson*, 2 How. 558 ; *Taunton Turnpike* v. *Whiting*, 9 Mass. 321.

A suit by a corporation in its corporate name is presumed to be brought by citizens of the state which created it ; and no averment or evidence to the contrary is admissible to defeat the jurisdiction of the court to which the action is returned. *Ohio & Miss. Railroad Co.* v. *Wheeler*, 1 Black 286.

A foreign corporation may contract and sue in their corporate name in this state. *Lumbard* v. *Aldrich*, 8 N. H. 33 ; 2 Kent's Com. *285 ; Ang. & Am. on Corp., secs. 161, 373.

*Motion to quash denied.*