## School District No 1, in Orange, *versus* Blaisdell.

In an action, brought by a corporation, if the defendant plead the general issue, this is in general an admission that the plaintiffs are a corporation, capable of sustaining an action.

The cases, in which foreign corporations are sometimes required to produce a charter, under the general issue, are exceptions to the general rule.

This was an action of trespass, for breaking and entering a school house of the plaintiffs, and taking and carrying away the windows. The cause was tried at November term, 1832, upon the general issue, when the plaintiffs proved, that they had acted as a school district, and had been in possession of the school house for many years, and that the defendant entered the school house and took away the windows.

But no other evidence was offered to prove that the town of Orange had been divided into school districts.

It was insisted, on behalf of the defendant, that the action could not be maintained, without showing a district duly and legally established ; but the objection was overruled, and a verdict taken for the plaintiffs, subject to the opinion of the court upon the above case.

*Kimball*, for the plaintiffs.

*Bell*, for the defendant.

Richardson, C. J. delivered the opinion of the court.*

The question is, whether, as the pleadings in this case stood, the plaintiffs were bound, in order to maintain the action, to show, that there was a school district, No. 1, in Orange, legally established ?

The general issue is, in its nature, a plea in bar with full defence, and is a waiver of all exceptions to the per-

---

* Parker, J. having been of Counsel, did not sit.

son of the plaintiff.   1 Chitty's Pl. 465, and 412—414 ;
2 Saund. 209, c ; Coke Littleton, 127, b ; Carthew, 229,
*Jentrecr* v. *Jenkins.*

A plea, that there is no such person as the plaintiff, *in
rerum natura,* is in abatement.   Com. Dig. " Abatement,"
E, 16 ; 1 Chitty's Pl. 435 ; 1 Wilson, 302.

But a plea, that there is no such corporation in exist-
ence as the plaintiffs, is in bar.   1 Saund. 340, b ; 2 Star-
kie's Ev. 425 ; 1 B. & P. 40, *The Mayor and Burgesses of
Carlisle* v. *Blamire ;* 1 B. & A. 703.

A mistake in the name of the corporation must be
pleaded in abatement.     Gilbert's Rep. 248 ; 1 B. & A.
703 ; 10 Mass. Rep. 362.

It may be difficult to see, why a plea of *no such person
in existence,* should be in abatement, and a plea of *no such
corporation in existence,* should be in bar.   But there are
cases in which the matter of a plea may be pleaded either
in bar or in abatement.   1 Chitty's Pl. 435 ; and a plea
of no such person, or corporation, as the plaintiff, in ex-
istence, seems to be of this description.   1 B. & P. 44 ;
1 B. & A. 703 ; 10 Mass. Rep. 91.

Upon principle, then, it seems, that the general issue
is, in a case like this, an admission of a corporation ca-
pable of suing.   4 Peters, 501 ; ditto, 450.

But, in New York, it has been held, that even on the
general issue the plaintiffs, suing as a corporation, must
prove, that they are a corporation.   8 Johns. 378 ; 19
ditto, 300 ; 2 Cowen, 378.

The authorities, cited to sustain that decision, are, 2
Ld. Raymond, 1535 ; Hobert, 211, *Norris* and *Stayes' case ;*
Buller's N. P. 107, *Peters* v. *Mills.*

And all the cases, bearing upon the point, are collected
in Angel & Ames on Corporations, 377.

But the cases do not seem to sustain the decision.
Some instances have occurred where the suit was in the
name of a foreign corporation, in which, proof of the ex-

istence of the corporation has been required. The case in Lord Raymond was of that description. In the case of *The Bank of St. Charles* v. *D. Bernales*, 1 C. & P. 569, evidence of the existence of the corporation was offered on the general issue. But that was a foreign corporation. These cases seem to us to be exceptions to the general rule.

Instances have also occurred, in which a corporation has been compelled to show a charter, under the general issue, in order to show a title to maintain the action.

But it is believed, that the rule which requires a corporation, in every case, on the general issue, to prove that it is a corporation, in order to maintain an action, is sustained neither by principle nor authority.

In general, when a defendant intends to insist that there is no such corporation, he must plead it either in bar or in abatement.

In this case the action is trespass, by a school district, in a town, for breaking and entering a school house. School districts are public corporations, with power to build, repair, and hold school houses. And in such a case a plea of the general issue seems to be clearly an admission, that there is such a corporation as is described in the writ.

We are therefore of opinion that there must be, in this case,

*Judgment on the verdict.*