## The Proprietors of Concord *versus* R. McIntire et a.

In a suit by a corporation, if the defendant plead the general issue, this is an admission that the plaintiffs are a corporation capable of sustaining a suit.

When a copy of an instrument is offered and received in evidence, without any reason shown why the original is not produced, and no objection is made to the copy at the time, all objection to the copy will be considered as waived.

In this state, no entry, under a deed or grant of land, is necessary to enable the grantee to maintain trespass *quare clausum fregit.*

Trespass *quare clausum fregit.* The close described in the declaration was lot No. 3, in the nineteenth range, in the Township of Concord, which is now the town of Lisbon in this county.

Concord
v.
McIntire et a.

The cause was tried upon the general issue, at November term, 1833.

The plaintiffs gave in evidence to the jury a copy of the charter of Concord, dated August 6, 1763, and proved an entry by the defendants into the lot described in the declaration. The counsel for the defendants objected, at the trial, that the plaintiffs had not offered sufficient evidence to maintain an action of trespass ; but the court overruled the objection, and a verdict was taken for the plaintiff, subject to the opinion of the court, upon the foregoing case.

J. *Smith*, for the defendants, objected, that there was no evidence that the plaintiffs were ever organized as a corporation ; that a copy of the charter was not evidence, until a loss of the original was shown ; and that trespass could not be maintained without proof of an entry by the plaintiffs under the charter.

*Bell*, for the plaintiffs.

GREEN, J. delivered the opinion of the court.

It is urged, that the verdict, in this case, cannot be sustained, because it was not shown, that the plaintiffs were ever organized as a corporation. But this objection cannot prevail. The general issue has been pleaded and this is an admission that the plaintiffs are a corporation, capable of sueing. 6 N. H. Rep. 197. If the defendants intended to dispute the existence of the corporation, they should have called for the authority of counsel to appear for the plaintiffs, or have pleaded that there is no such corporation. Either of these courses would have brought the suit to a close, if there be no corporation.

It is also said there ought to be a new trial, because the copy of the charter was not competent evidence. As the case is stated, we must understand that the copy was offered and received in evidence, without any objection

on the part of the defendants, and that, when the evidence on the part of the plaintiffs was closed, the defendants objected generally, that the evidence offered by the plaintiffs was not sufficient.   This objection, so far as respected the copy, came too late.   If the defendants intended to object to the copy, they should have done it when the copy was offered, and have given the plaintiffs an opportunity to produce the original, or show its loss, and not having done this, they must be considered as having waived the objection. 1 Pickering, 418, *Callender* v. *Marsh.*

It is also said, that the evidence was insufficient, because trespass could not be maintained, without showing an entry under the charter ; the grant not placing the grantees in the actual possession, without which trespass does not lie.   But the law has long been settled to be otherwise in this state, and this objection must be overruled.

*Judgment on the verdict.*