## BASSETT *vs.* HARKNESS.

Where referees, after a hearing of the parties, receive and act upon the declarations of one of the parties, or of third persons, made without the knowledge of the other party, their report will be set aside on the application of the party injured by such proceedings.

THE facts in this case sufficiently appear in the opinion of the court.

WILCOX, J.   This is a motion to set aside the report of referees.   The submission was by agreement of the parties, acknowledged before a justice of the peace, and, by its terms, the report of the referees was to be made to some judicial court in this county, and, judgment being rendered thereon, should be final between the parties.

There can be no doubt of the power of the court to entertain the motion thus made ; the very object of requiring the award to be returned to some court being, that thus a salutary supervision may be exercised over the reports of referees.   And while, on the one hand, such reports should receive a fair and liberal construction, and not be set aside for subtle and technical exceptions, so, on the other hand, courts

of law should be vigilant, that injustice be not done by the mistakes or misconduct of referees.

Reports may be rejected on account of mistakes made by referees; in which case it is more usual to recommit the subject to the same referees, for their own revision. Reports may also be rejected for corruption, partiality, or gross misconduct in the referees; in which case the report is wholly rejected, and the parties remitted to their ordinary remedies at common law.

Where an umpire was chosen by the arbitrators by lot, this was thought a sufficient reason to set aside the umpirage. 2 *Vern.* 486. If the submission be to three, or any two of them, and two, by any undue means, exclude the third, that alone is sufficient to cause the award to be set aside. 2 *Vern.* 515. So if the arbitrators hold private meetings with one of the parties, and admit him to be heard to induce an alteration in their award, this is such gross partiality as to induce a court of equity to set it aside. 2 *Vern.* 515; *Kyd on Awards*, 346, & *seq.* So where the arbitrator received evidence after notice to the parties that he would receive no more—in which they acquiesced; although the arbitrator swore that the new evidence had no effect upon his award. *Walker* vs. *Frobisher*, 6 *Ves.* 70.

The present motion rests upon two grounds. The submission was acknowledged March 14, 1837. Soon after, the referees heard the parties, and returned their report to the common pleas court, at its April term, 1837. That report, for reasons not necessary now to be adverted to, was recommitted to the same referees, who again heard the parties, and made their second report October term, 1837. It is now alleged, and not contradicted, that the first award of the referees was for about $450.00; that after the report was made, and before it was returned to court, some of the referees had private interviews with the plaintiff, in which he complained that they had not awarded him enough; upon which statement the report was opened and altered, and the sum of

$1000.00 awarded the plaintiff. These facts, the defendant alleges, were not known to him until after the making of the report now before the court.

Another ground of objection is, that the referees disallowed a certain note produced by the defendant for about $54.00 ; that this note was rejected against the evidence before the referees, and in consequence of some extra-judicial statement, not under oath, made to some of them by a third person before the hearing, and not known to the defendant. And one of the referees now admits, that their information thus derived was erroneous.

We think that in both particulars the proceedings of the referees were improper, and that their report cannot be sustained. It is of the first importance, that all hearings before referees should be in presence of both parties ; or, at least, after full notice to them, when referees are authorized to proceed *ex parte*. If referees may consult with one party in the absence of the other ; if they may receive and act upon hearsay testimony, not communicated to the party, there is no safety for those who have submitted to their jurisdiction. The integrity of the referees even, is, in such case, no security to the party ; for it may happen, as it has in this case, that they may be misled by information which, had it been communicated to the other party, could at once have been rebutted and explained.

The first objection applies to the former report, which has already been set aside ; and had it been known to the defendant before the last hearing, it might deserve consideration whether he could now be heard to make it. 10 *Pick.* 277. But the fact is stated otherwise. If the objection were merely that the referees had committed a mistake in the first award, which, for aught appearing, had been corrected in the one now before us, there would be no occasion for interference. But the objection goes deeper. It goes to the fitness of the referees to decide between these parties. In the language of the court in 2 *Vesey*, already cited, if the

arbitrators hold private meetings with one of the parties, and admit him to be heard to induce an alteration in their award, this is such *gross partiality* as to induce a court of equity to set it aside ; and the same partiality must ever make them unfit judges of that matter between those parties. It may indeed be that in this case the referees intended to act impartially, and were sensible of no bias towards either party. But the objections being of such a character ; no attempt having been made to explain them ; and as it is somewhat extraordinary that an award made upon the hearing of the parties should afterwards be altered from $450 to $1000.00, on the mere *ex parte* statement of the plaintiff, we think the interests of justice will be best promoted by setting aside the report, and leaving the parties to their remedies at law.

*Report set aside.*

*Wilson*, for the defendant.

*Chamberlain*, for the plaintiff.