## School District No. 3, in Lisbon, *vs.* Aldrich.

A plea that there is no such corporation as the plaintiffs, in existence, is a plea in bar. The matter may, therefore, be given in evidence here under a brief statement.

A division of a town into school districts must be a territorial division, and not one merely by a designation of inhabitants or householders.

A submission of matters in dispute to arbitrators, authorizes them to include in their award the costs of a suit previously instituted, upon the subject matter of the dispute, by one of the parties. But the costs of such a suit do not follow an award of damages, as an incident.

If arbitrators should award costs, without designating any amount, or providing a mode by which the amount is to be ascertained, that part of their award would be void, for want of certainty.

A declaration by one arbitrator, in the presence of the others, after an award made and published, that costs followed the award, is not an award of costs.

Assumpsit, commenced before a justice of the peace, and tried, on appeal, in the common pleas.

The declaration alleged that the plaintiffs had brought an action against Moses Dunklee and George Aldrich, and that on the 15th day of February, 1839, the plaintiffs and Aldrich submitted the subject matter of the suit to arbitrators, who awarded that Aldrich should pay the plaintiffs the sum of $5.17, and cost of said action, amounting to $3.59. And thereupon, in consideration of the premises and the nonage of said George Aldrich, the defendant, Hiram Aldrich, on the same day promised the plaintiffs to pay them said sums.

The defendant pleaded the general issue, and filed a brief statement, giving notice that on the trial he should insist that there is no such corporation as School District No. 3 in Lisbon.

To prove the existence of the corporation, the plaintiffs offered an extract from the records of Lisbon, by which it appeared that at their annual meeting, in March, 1791, it was voted—" That the second class begin at Henry Ingalls', and up the road to the town line, and westerly to Lyman, and easterly so far as to include all persons to ' the west of the south branch, and down the river so as to take in Abner Aldrich and David Dailey." And there was testimony tending to prove that this " second class" is now known and called District No. 3. A witness for the plaintiffs testified that he had resided in District No. 3 thirty or forty years, and that it had always been called so since he could remember.

On the other hand, the defendant offered an extract from

the records of the town, by which it appeared that at a meeting holden April 14th, 1800, it was voted to divide the town into school districts; also, voted "the north school district, including Abner Aldrich, then running an east and west course to Lyman line, and easterly to the east school district."

There was also evidence tending to prove that the above is now known as District No. 3.

The defendant contended that the power given to the town to define the limits of school districts had not been legally executed, and that, therefore, there was no such corporation as School District No. 3 in Lisbon, but the court ruled otherwise.

The plaintiffs then offered evidence that the plaintiffs and the defendant, Hiram Aldrich, agreed to submit to arbitration the matters in dispute between them, touching the damages done to the plaintiffs' school house, for which the action against Dunklee and George Aldrich was brought; and one of the arbitrators testified that he was notified of his appointment by the defendant, from whom he understood that the whole matters between the plaintiffs and George Aldrich were submitted. There was no evidence, however, that any thing was said about costs in the agreement to submit.

The arbitrators met, heard the parties, and agreed upon their award; but nothing was said at the hearing, or by the arbitrators when by themselves, about costs. On returning to the parties, the award was made known, which was that George Aldrich should pay the plaintiffs $5.17; and very soon after, an enquiry was made in behalf of the plaintiffs, as to the costs; and one of the arbitrators replied that the costs always followed the damages, unless otherwise agreed; and to this no objection was made by any one.

On the award being made known, George Aldrich offered to give his note for $5.17, but it was declined, for the reason that he was a minor; and it was agreed that the defendant should give his note for that sum; and upon enquiry in regard to costs, the defendant said he would pay the costs, or

see the costs paid. The costs were for a writ, issued, but not served, and also for a complaint and warrant, upon which no actual service had been made, although there was evidence that an officer had been in pursuit of Dunklee and George Aldrich. The plaintiffs, on the trial, claimed only the costs of the writ and service.

The defendant gave his note for the sum of $5.17, which has since been paid. His promise to pay the costs was not in writing. There was no evidence that notice was given to the defendant of the amount of the costs, or that payment was demanded.

The court instructed the jury that if the whole matter were submitted, although without any express submission of the costs, the arbitrators might award costs;—that if, after the award was made, the arbitrators made a further award, to which the parties assented, it would be good;—that the award was binding upon George Aldrich, though he was a minor;—that there was sufficient consideration for the promise to pay the costs;—and that it was not necessary that the promise should be in writing, nor was notice of the amount of the costs, or a demand, necessary.

Whereupon the jury found a verdict for the plaintiffs for $2.84 damages, and the defendant moved for a new trial.

*Bellows*, for the defendant. 1. The power of the town to divide into districts could be executed only by a geographical division. 7 *Pick. R.* 106, *Withington* vs. *Eveleth.*

2. The submission was void, George Aldrich being an infant. 1 *U. S. Dig.* 199.

3. The submission gave no power to award costs. 10 *Mass. R.* 442, *Cutter* vs. *Whittemore;* 1 *Shepley's R.* 173, *Walker* vs. *Merrill;* 1 *U. S. Dig.* 226.

4. The arbitrators did not award costs.

5. The award was void, if costs are regarded as included in it. It did not appear what costs, whether of one or both the processes which had been instituted, were included in it;

and it would, therefore, be void for uncertainty. If it covered the costs of both, it was void, because it undertook to settle criminal proceedings.

Being void, it could furnish no ground of action. 2 *Saund.* 136, *Barber* vs. *Fox.*

6. If the award was good and binding on George Aldrich, it makes no difference. There is no promise of the defendant in writing. Where the promise is in aid of a third person, who is liable, there must be a writing. 10 *N. H. Rep.* 175, *Holmes* vs. *Knights;* 6 *Pick.* 511, *Tileston* vs. *Nettleton;* 15 *Pick.* 159, *Loomis* vs. *Newhall.* And there is no consideration for the promise. 4 *Vermont R.* 139, *Barlow* vs. *Smith.*

*C. Ainsworth,* for the plaintiffs. If it does not appear that the town was ever legally divided into districts, the general issue admits that the plaintiffs are a corporation.

A plea that there is no such corporation should be in abatement. 6 *N. H. Rep.* 197, *School District* vs. *Blaisdell;* 10 *Mass. R.* 442; 5 *Mass. R.* 96; 3 *Pick. R.* 236, *First Parish in Sutton* vs. *Cole;* 1 *U. S. Dig.* 925, 3.

The defendant admitted the existence of the corporation, by giving the note.

The district had an existence by reputation. 5 *Mass. R.* 547, *Dillingham* vs. *Snow & a.*

The arbitrators awarded costs, to which the defendant consented. He agreed to pay them, and that is sufficient.

But the whole matter was submitted. 2 *Mass. R.* 164, *Nelson* vs. *Andrews;* 16 *Mass. R.* 396, *Buckland* vs. *Conway.*

If George Aldrich had no authority to bind himself, the defendant's promise is good. 2 *Fairf. R.* 381, *Baker* vs. *Page.*

The defendant caused the award to be made, and is therefore bound by his promise. 2 *N. H. Rep.* 356, *Underhill* vs. *Gibson;* 12 *Mass. R.* 299, *Perley* vs. *Spring;* 17 *Mass.*

*R.* 229, *Colt* vs. *Boot ; Chitty on Con.* 210, 204; 2 *Stark. Ev.* 346; 10 *Petersdorff's Abr.* 250 ; 4 *Bing.* 264, *Bampton* vs. *Paulin.* The whole was an original and entire transaction, upon an entire consideration.

PARKER, C. J. A plea that there is no such corporation in existence as the plaintiffs, is in bar. 6 *N. H. Rep.* 198, *School Dist.* vs. *Blaisdell.* The matter may, therefore, be given in evidence here, under a brief statement.

The limits of this district appear to be indefinite. On the plaintiffs' showing it begins at Henry Ingalls', extends up the road to the town line, and westerly to Lyman ; and easterly so as to include all persons west of the south branch ; and down the river so as to take in Abner Aldrich and David Dailey. According to the defendant's evidence, it includes Abner Aldrich, and then runs an east and west course to the line of Lyman, and easterly to the east school district.

Neither of these descriptions specify what land is included. Probably the farms of these individuals were intended, but it is not so said, even if that might be sufficient.

There is, therefore, no evidence that the district has been legally constituted, according to the statute. A division of a town into school districts must be a territorial division, and not one merely by a designation of the inhabitants or householders. *Hale* vs. *Coolidge & a., Cheshire, July T.*, 1833.

But this point is not necessary to the decision of this case.

The submission of the matters in dispute between the parties authorized the arbitrators to include the costs of the suit then pending in their award. But there is no pretence that they did so, unless they were included in the sum of $5.17. They awarded a definite sum.

The costs of the suit, which had previously been made, did not follow this award. It was a mere submission to arbitration, in which the plaintiffs could have no more than the arbitrators awarded. There was nothing incident to that, for the submission did not contemplate that judgment should be rendered in the suit.

School District *v.* Aldrich.

The declaration of one of the arbitrators that costs followed, was not an award.   If all had said so, it would not have been an award, but a mistake.   The award had been made previously.

There would have been no certainty, if they had awarded costs, unless they specified the amount, or provided a mode by which it was to be ascertained, for there was no tribunal to tax them.   The suit was ended by the submission and award.

But it is sufficient for this case that a declaration by one arbitrator, in the presence of the others, after an award made and published, that costs followed it, cannot be considered an award of costs.

The action, therefore, fails, being founded upon an award and a promise to pay a sum awarded ; and for this reason the other questions raised in the argument, respecting the legal validity of the defendant's promise, are immaterial.   The evidence seems to show that the submission was between the plaintiffs and the defendant.

*Verdict set aside.*