## VARNEY *vs.* BREWSTER.

In order that the award of arbitrators shall be valid, it must be an adjudication of all the matters submitted.

If, however, after the making of the submission, some portion of the claims embraced in it be withdrawn from the consideration of the arbitrators, by an agreement of the parties, and an award be published, with their assent, embracing only the remaining claims, such an award will be valid.

An award, on a matter properly submitted, merges the original demand; and, when the subject matter of the submission is a contract, the legal effect of the award is to extinguish it.

An award, as a cause or ground of action, is so only from the date of its publication.

A set-off is in the nature of a cross action.

And a claim, in order to be a proper matter of set-off, must be a subsisting debt, due at the date of the plaintiff's suit, and upon which an action might then be sustained.

Accordingly, it was *held,* that an award, published after the commencement of the plaintiff's action, where the subject matter of the submission was a claim subsisting at the date of the suit, was not a proper matter of set-off.

THIS was an action of debt, founded upon an award of arbitrators, dated January 12, 1839. The action was commenced July 20, 1839, and tried at April term, 1841.

The articles of submission bore date December 15, 1838, and were of all demands and claims then existing between the parties.

The arbitrators awarded that Varney should recover of Brewster the sum of $33.90, and the award was made and dated January 12, 1839.

On the day of the date of said award, an agreement was made of the following tenor, viz :

---
Varney *v.* Brewster.
---

"January 12, 1839. I hereby agree, that if hereafter Geo. F. Brewster shall prove that he turned through the upper dam into the river, above the mill formerly owned by William Varney, a raft of about one hundred and thirty logs, in the fall of 1835, to the satisfaction of Nathaniel Rogers and Nathaniel Rust, referees chosen by the undersigned and the said Brewster, I having an opportunity to produce all the evidence that I can obtain to contradict evidence produced by said Brewster, then I agree to pay what said referees shall award that I shall pay, for so many as they think I have received of said logs.

(Signed,) Henry W. Varney."

In pursuance of said agreement, said referees met and heard the parties and their evidence, and on April 14, 1840, awarded that said Brewster should recover of said Henry W. Varney the sum of $50.00, and costs of reference, taxed at $4.88.

The court, at April term, 1840, having granted leave to file a set-off, the defendant offered as a set-off to the plaintiff's said claim, the award of April 14, 1840.

The plaintiff then offered as a witness, Daniel Whitton, who testified that he was a witness for the defendant on a hearing held by the referees, in pursuance of the last mentioned agreement, a day or two before April 14, 1840 ;—that the principal point in controversy between the parties was, whether the raft of logs referred to in said agreement was rafted to the plaintiff in the fall of 1835, or before that time ;— that he testified that he thought the same was delivered in June, July or August, 1834, or 1835, but was not confident ; —that soon afterwards, the said referees came to his house and inquired of him whether he rafted the said logs before or after a certain piece of felled trees was burned ;—that there was evidence before said referees at said hearing, that said trees were burned about September 1, 1835 ;—that he told said referees, in reply to said inquiry, that he was pretty positive that said logs were rafted after said trees were burned ;—that neither party was present, and that he thought

Varney v. Brewster.

that statement was made a day or two after said hearing, and he knew nothing of any hearing afterwards.

The defendant then called the said referees as witnesses, who testified that when said award, bearing date January 12, 1839, was made, they informed the parties that they were prepared to report on the other points in controversy between said parties, if they would enter into the agreement last mentioned, and that both parties assented to the report being made, and to said agreemant ;—that one or more witnesses on the hearing, which was had after said agreement was made, testified that said logs were rafted in the fall of 1835, and that they came to the conclusion that such was the fact from the evidence at said hearing ;—that after the hearing, it occurred to them that said Whitton might recollect whether said logs were rafted before or after a piece of trees was burned, which had been proved at said hearing to have been done about the first of September, 1835, and that they therefore, before the award of April 14, 1840, was completed, called on him, and had the conversation testified to by said Whitton ;—that they had before come to the conclusion that said logs were rafted in the fall, but called on him in order to be better satisfied.

Both referees testified that no change was made in the judgment they had formed before their last inquiries of Whitton ; and one of the referees testified that he believed the award was drawn up in its present form before the last inquiry of Whitton, but the other referee thought that said award was not drawn up, and they both thought it had not been signed ;—that they thought, but could not be certain, that their opinion on this point would not have been changed if said Whitton had stated that said logs were rafted before said trees were burned ;—that no further hearing took place, and that no notice was given to said parties that said statement was to be, or had been made by said Whitton.

The plaintiff objected to that part of the testimony of said referees in which they stated the effect of the evidence, laid before them at said hearing, and afterwards, upon their minds.

He also objected to the admission of said award, offered by the defendant as a set-off, on account of the want of mutuality in the submission, and because it was made after the commencement of the action. He contended, also, that the facts testified to by said witnesses showed the award to be void.

A verdict was taken for the plaintiff, for the amount of the award declared on, and judgment was to be entered thereon, or the same to be set aside and judgment to be entered for the defendant, for the balance due upon his said set-off, according to the opinion of this court upon the foregoing case.

*Batchelder*, and *Christie*, for the plaintiff.

*Hale*, *Bartlett*, and *Farrar*, for the defendant.

Woods, J. It is objected, on the part of the defendant, that the award upon which this action is founded is unauthorized by the submission, and void; that the arbitrators did not pursue the submission; that the submission authorized and required them to adjudicate upon all claims and demands existing between the parties; whereas, in fact, the award made and published embraced only a part of those claims, and was not, as it is claimed it should have been, an adjudication upon all their claims.

And it is true, that the submission was of all claims and demands existing between the parties, and the award was upon only a portion of those claims; and it is equally true that the adjudication was a partial, imperfect, and even an unauthorized execution of the authority conferred by the submission, according to its original terms and meaning; and the award must necessarily be pronounced entirely void, unless the rights of the parties, and the authority of the arbitrators, can be considered as affected by the acts and agreements of the parties subsequent to the date of the submission. But that portion of the claims of the defendant, not considered by the arbitrators, and not embraced within their

award, was withdrawn from their consideration, with the assent of the parties, and upon the written agreement of the plaintiff to submit that portion to the same arbitrators, to be considered and acted upon by them at a future period, and to pay such sum to the defendant as they should award him thereon.   And the award upon which this action is founded was published also, by the assent of both parties, embracing all other claims then existing between the parties, excepting only the portion of the defendant's claim thus withdrawn.

The right which the defendant most unquestionably had, by the terms of the submission, to require an award at the hands of the arbitrators to embrace all the demands and claims existing between the parties, was waived by the defendant, and that, too, upon the consideration of the written agreement of the plaintiff to pay what should, at a future period, be found by the arbitrators to be due the defendant on the portion of his claims not adjudicated.  Until the award was actually made and published, the parties most certainly had a right to revoke the authority given the arbitrators by the submission, in whole or in part, and to limit their authority, and the extent of their action, in such degree and in such manner as they might choose ; and, moreover, to waive any rights which either had originally, in virtue of the contract of submission.

And in the present case, for the supposed benefit and advantage of both parties, or for some other reason satisfactory to themselves at the time, they withdrew the portion of the defendant's claims not considered or adjudicated on, January 12, 1839, and waived all right to an adjudication thereof, and made that a separate and distinct matter of arbitration and award, upon a new agreement, and at a future period, and assented to take the judgment of the arbitrators upon the other matters submitted only.   This they had a clear right to do ; and now we think the objection to the award, for the reason assigned, after such agreement for future submission and present waiver, upon such a consideration, comes too late, and cannot avail the defendant.

We next come to consider the defendant's set-off.

This action was commenced July 20, 1839. Upon leave of court, granted at April term, 1840, the defendant filed, in set-off to the action, said award of April 14, 1840, made in pursuance of the agreement entered into January 12, 1839, and upon that portion of the defendant's claims against the plaintiff then existing, but not embraced in the award of that date.

The set-off was objected to for the reason, among others, that it was made after the commencement of the present action ; and for the further reason, that the facts testified to by witnesses, and recited in the report of the case, show that the award filed in set-off was made under such circumstances as rendered it void.

It is not necessary, however, in the view which the court take of this set-off, to settle whether the inquiries made by the arbitrators of Whitton, the witness, after the hearing, was an irregularity, or misconduct in the arbitrators, or not ; or, if it were so, whether the award could be avoided for that cause, except upon a proceeding in chancery to set the same aside. *Hollingsworth* vs. *Leiper*, 1 *Dallas* 161 ; *Peters* vs. *Newkirk*, 6 *Cowen* 103 ; *Hagner* vs. *Musgrove*, 1 *Dallas* 83 ; *Chaplin* vs. *Kirwan*, 1 *Dall.* 187, and *Bassett* vs. *Harkness*, 9 *N. H. Rep.* 164, are cases having a bearing more or less direct upon those questions.

We are of opinion that the award cannot be considered a debt existing at the commencement of the action, and was therefore not proper matter of set-off in this suit.

It is too well settled to require the citation of authorities to show, that a claim, in order to be a proper matter of set-off, must be a subsisting debt, due at the time of the commencement of the action, and upon which an action might then be sustained. The award filed in set-off was plainly not such a debt. *Jefferson County Bank* vs. *Chapman*, 19 *Johns. R.* 322. A set-off is in the nature of a cross action, and in order to sustain it, every thing must be proved show-

ing a right to such action at the date of the plaintiff's suit. *Dickson & a.* vs. *Evans*, 6 *T. R.* 57 ; *Carpenter* vs. *Butterfield*, 3 *Johns. Cas.* 145.

It is true that the subject of the submission, and upon which the award was based, was a claim existing at the date of the present suit. But it is well settled, that when the subject of the submission is a contract subsisting between the parties, the legal effect of the award is to extinguish such contract. *Curley* vs. *Dean*, 4 *Conn. Rep.* 259. In this case the claim for logs was a subsisting claim at the date of the suit, but that claim was extinguished by the award. The award itself, which was the subject matter of the set-off, was a new cause of action, arising at its publication, which was after the commencement of the present action. The set-off, therefore, is not sustained, and there must be

*Judgment on the verdict.*