## Chapin *v.* Boody & *a.*

If referees do not award costs of court, they will not be allowed.

Motion for costs. The action was assumpsit, and was submitted by rule of court to three referees, who subsequently made their report, concluding with these words: "do award that the said defendants receive of the said plaintiff the cost of reference, taxed at five dollars seventy-five cents." And upon this report, judgment was rendered for the defendants. Whereupon the defendants move for judgment for the costs of court, to which the plaintiff objects.

*W. L. Foster*, for the defendants.

There are no cases reported in our State, wherein the precise point raised by this action is decided. The cases of *Joy* v. *Simpson*, 2 N. H. Rep. 179, and *Chase* v. *Strain*, 15 N. H. Rep. 535, only decide that referees have power to award concerning the *costs of reference*.

But the Revised Statutes declare that "costs shall follow the event of every action or petition, unless otherwise directed by law or by the court." Rev. Stat. chap. 191, § 1. No exception is made to this plain enactment. Referees are not empowered to direct otherwise, but only *law* and *the court*. The use or the omission of the phrase, so frequently found in their awards, "costs of court to be taxed by the court," can neither confer authority upon the court, nor withhold it, nor in any manner control the statute above cited.

But even if the referees had the power to determine concerning the costs of court, there is nothing in the terms of their award which indicates that they have undertaken to do so, or that they have in any way considered that matter. An action of assumpsit was referred to them, and their award is substantially the same as if a jury had said, "the

---

Chapin *v.* Boody.

---

defendants never promised." Their report being returned to the court, "costs follow the event of the action," by virtue of the statute ; for neither law, nor the court, (nor even the referees,) have "otherwise directed."

*Vose*, for the plaintiff.

The plaintiff contends that the judgment can only be rendered according to the report of the referees ; that the "action" having been referred, the whole question of costs was referred, as an incident of the action, and was solely cognizable by them; that as the referees did not award to the defendants costs of court, the legal inference from their report is, that they did not intend that such costs should be recovered, and that the statute provision for giving costs to the prevailing party, was a matter for the consideration of the referees, and not of the court of common pleas, as the referees had the sole control of that question. *Spofford* v. *Spofford*, 10 N. H. Rep. 254; *Chase* v. *Strain*, 15 N. H. Rep. 535; *Nelson* v. *Andrews*, 2 Mass. Rep. 164; *Baron* v. *Crandon*, 15 Pick. 79; U. S. Dig. 226, § 671.

Reports of referees stand upon the same ground as those of arbitrators, in this respect. *Commonwealth* v. *Pejepscot Proprietors*, 7 Mass. Rep. 417.

BELL, J. It is settled here that arbitrators, appointed by bond or agreement of the parties, have authority to adjudge costs, though no mention is made of the costs in the submission. *Spofford* v. *Spofford*, 10 N. H. Rep. 254. And referees, under a rule of court, may award upon the costs of the reference and the costs of the suit, because in both cases a submission of the cause of action embraces, as an incident, the costs which may arise in the case, as well as those which have arisen. *Joy* v. *Simpson*, 2 N. H. Rep. 179 ; *Brown* v. *Mathes*, 5 N. H. Rep. 230 ; *Johnson* v. *Noble*, 13 N. H. Rep. 286 ; *School District* v. *Aldrich*, 13 N. H. Rep. 140 ; *Chase* v. *Strain*, 15 N. H. Rep. 535.

It has been held that to render the award of arbitrators valid, it must be an adjudication of all the matters submitted. *Varney* v. *Brewster*, 14 N. H. Rep. 49. And it must not embrace matters not submitted. *Thrasher* v. *Haynes*, 11 N. H. Rep. 429; *Adams* v. *Adams*, 8 N. H. Rep. 82; *Richardson* v. *Huggins*, 3 Foster's Rep. 106.

It is, of course, ordinarily presumed that referees have considered and decided the matters submitted to them, and that they have not assumed to decide upon matters not referred to them. *Joy* v. *Simpson*, 2 N. H. Rep. 179; *Parsons* v. *Aldrich*, 6 N. H. Rep. 264; *Richardson* v. *Huggins*, above.

To carry out these principles, it must be inferred that the referees have decided the question of costs, and the prevailing party is entitled to recover no more costs than have been actually awarded him.

Before the passage of the Revised Statutes, this question would not have been open to any doubt. The law was understood to be, that unless costs of court were awarded by the referees, they could not be allowed. The usual and well settled form of awards was, " and costs of reference taxed," &c., " and costs of court taxed," &c., or " to be taxed by the court." *Brown* v. *Cochran*, 11 N. H. Rep. 199. If costs of court were not allowed, it was usual merely to omit any mention of them. A question arose upon this point in the case of *School District* v. *Aldrich*, 13 N. H. Rep. 139, and it was held that costs did not follow an award of damages as an incident. This was before the passage of the Revised Statutes. The general principle adopted in this and the neighboring States, where awards of referees constitute the basis of judgments, is, that judgment is to be entered according to the report of the referees. Thus, in *Commonwealth* v. *Pejepscot Proprietors*, 7 Mass. Rep. 417, *Sedgwick*, J., says—" We have two modes of submission to arbitration, besides those authorized by the common law; one by a rule before a justice of the peace,

---

---

the other by a reference of an action in court. ' In both, the award of the referees is reported to the court. If the report is accepted, the consequence is a judgment in conformity to it. There can be no variation from it." If the referees make an award, concerning the costs of a suit, the judgment must conform to it. *Nelson* v. *Andrews*, 2 Mass. Rep. 164; *Baron* v. *Crandon*, 15 Pick. 80; *Buckland* v. *Conway*, 16 Mass. Rep. 396. And where by statute the costs are limited in certain cases to one fourth of the damages, the costs allowed by referees will not be limited. *Moore* v. *Heald*, 7 Mass. Rep. 467.

It was very clear before the Revised Statutes, that if no costs of reference, or if no costs of court, were awarded, no judgment could be rendered for them; in other words, it was directed by the law that no such costs should be allowed.

When those statutes, then, provided that costs should follow the event of every action, unless otherwise directed by the law, or by the court, this provision made no change in the previously existing law, as to costs upon awards of referees; on the contrary, it made that, among other cases where the law was then settled otherwise, an exception to the general rule then prescribed; and judgments must still be entered upon awards as they would have been before.

If the question before us was one of convenience merely, we think it would not be judicious to make a change in the forms of awards, so as to require costs to be disallowed in express terms, where heretofore they have been merely omitted. It would be long before it would be generally understood, and many errors would be made in consequence; while we perceive no advantage likely to result from the change.

*Motion for costs denied.*