## QUIMBY *v.* MELVIN.

If the condition of a bond is, that the obligor shall fulfil his agreement in having and perfecting a reference, it is a sufficient breach, that the obligor hindered the referees from making an award, or one of them from acting with the others.

If a submission embrace several matters, hindering the making an award on any of them, is a sufficient breach of such a bond.

An award by two of three arbitrators, the third taking no part, is a mere nullity, unless, by the submission, a majority are authorized to act.

Any issue relative to such award is merely immaterial.

*Argumentativeness* and duplicity in pleading can be taken advantage of only on special demurrer.

That no award was made, does not seem a valid plea to a bond conditioned to have and perfect a reference.

DEBT, on a bond. The pleadings, after the declaration, were substantially as follows:

And the said Melvin comes and defends, &c., when, &c., and prays oyer of the said writing obligatory in the said declaration mentioned, and it is read to him in these words, &c. And the defendant also prays oyer of the condition of the said writing obligatory, and it is read to him in these words, to wit: " The condition of the above obligation is such that whereas the said Abraham Melvin and the said John Quimby are seized as tenants in common, (and equally interested in the. same,) of a certain tract or parcel of land, situated in said Hopkinton, being lot numbered eight, &c., and are desirous of holding their respective moieties thereof in severalty, and being unable to agree on a division of the same, have agreed, and by these presents do agree, to refer the partition and division of said lot No. 8, to the arbitrament and award of Nathan Stickney of, &c., Benjamin Loveren of, &c., and Cyrus Woods of, &c.—the said Stickney to be chairman, and to notify the parties and other referees of the time and place, when and where, they will meet for said reference, and after due notice, if either party neglects to attend, the said referees may proceed and make the

award *ex parte,* whose award shall be made to the parties within thirty days from the date of these presents. Now if the said Abraham Melvin on his part shall in good faith abide by and fulfil his said agreement in having and perfecting said reference, and shall abide by and confirm the division or partition which shall be made by said referees in pursuance of this agreement, by duly, and in common form, executing and delivering to said John Quimby a quit claim deed of said part and portion of said lot No. 8 as said referees shall by their award set off and assign to the said John Quimby, and shall pay all such costs attending upon and incident to said reference as said referees shall determine and award for him, the said Melvin, to pay then, &c.

And the defendant also prays oyer of the deed of the said defendant, extending the time for making said award, indorsed on the back of the said writing obligatory, and it is read to him in these words, to wit: " The time for making the within award is extended, by agreement, to October 1st, 1849 "—all which being read and heard, the said defendant says that the said plaintiff ought not to have or maintain his said action thereof against him, because he says that he, the said defendant, did in good faith abide by his said agreement to refer the partition and division of the land, in the condition of said writing obligatory mentioned, to the said Stickney, Loveren and Woods in the manner in said condition provided, and did in no way revoke said submission, to wit ; at said Concord: Yet, he says, the said arbitrators named in the said condition did not at any time within thirty days from the said twelfth day of June, 1849, or at any time on or before the said first day of October, 1849, to which day the time of making such award was extended by the aforesaid deed of the said Melvin indorsed on the said writing obligatory as aforesaid, make any award of and concerning the premises, in said condition mentioned and so referred as aforesaid, ready to be delivered to the said parties in difference. And this the said defendant is ready

to verify. Wherefore he prays judgment, if the said plaintiff his action aforesaid thereof against him ought to have or maintain, and for his costs.

And for a further plea, &c., the said defendant says, &c., because he says that by the agreement between the said parties as set forth in the aforesaid condition of the said writing obligatory, the partition and division of the said lot numbered eight, therein described, was submitted to the said Stickney, Loveren and Woods, together with the costs of such reference or submission—that on the first day of October, 1849, the said Stickney and Loveren, acting without the aid or participation of the said Woods, did, at said Hopkinton, make an award in writing, and ready to be delivered to said parties, under their hands, and did thereby award and determine in manner following, to wit: " The referees in the reference between Abraham Melvin of Weare, and John Quimby of Hopkinton, relative to the division of certain premises owned by them in Hopkinton, having heretofore made an award by the agreement of the parties in regard to the division of the land, on the 7th day of September, 1849, do now award in regard to cost, that the said Quimby recover of the said Melvin the sum of thirty-six dollars and forty-seven cents costs,. . . . . . . . . . . . . .$36,47

Also, cost of reference, taxed at. . . . . . . . . . . . . . .14,50
                                                    ————
                                                    $50,97"

And the defendant avers that no other award was at any time made and published of and concerning the matters, submitted, as aforesaid, by the said Stickney, Loveren and Woods.

And the said defendant further says, that in making the said award above recited, the said Stickney and the said Loveren acted wholly without the aid or participation of the said Woods, and that the said Woods took no part in making the same; and this, &c.

And for a further plea, &c., said defendant says, &c., (as in the second plea down to the last clause.)

And the defendant further says that the said arbitrators have not made any award concerning the partition of the lot of land aforesaid, although long before the making of said award above recited, to wit, on the twelfth day of June, 1849, at said Concord, the said arbitrators had notice that said partition and division were submitted to them as aforesaid; and this, &c.

And for a further plea, &c., the said defendant says, &c., (as in the second plea down to the last clause.)

And the defendant says that the said sum of thirty-six dollars and forty-seven cents cost, in said award adjudged and awarded to be paid by said Melvin to the plaintiff, was not any matter in difference between the said parties submitted to the said arbitrators, as aforesaid; and he further says that the said sum was not the costs, or any part of the costs attending upon and incident to the said reference, and submitted to the said arbitrators, as aforesaid; and this, &c.

And the plaintiff, as to the first plea of the defendant by him firstly above pleaded, says that he ought not to be barred from having and maintaining his said action thereof against the defendant by reason of anything in said plea alleged, because he says that the defendant did not in good faith abide by and fulfil his said agreement in having and perfecting said reference, as in said condition of said bond mentioned, as he in his said plea has alleged, in this, that the defendant, before the making of any award by said referees, of and concerning the costs attendant upon and incident to said reference, as in said condition of said bond mentioned, and before the expiration of the time limited by said deed of the defendant, indorsed on the back of said bond, for the making of any award by said referees in the premises, to wit, on the first day of October, A. D. 1849, at Hopkinton, aforesaid, wrongfully hindered and prevented said referees from making such award of and concerning

said costs; and this he is ready to verify; wherefore he prays judgment for his damages and costs.

And for a further replication to said first plea, &c., pursuant to the statute in such case made and provided, the plaintiff says, &c., because he says that the defendant did not in good faith abide by and fulfil his said agreement, in having and perfecting said reference, as in said conditions of said bond mentioned, as he in his said plea has alleged, in this, that the defendant, before the making of any award by said referees, of and concerning the costs attendant upon and incident to said reference, as in said condition of said bond mentioned, and before the expiration of the time limited by said deed of the defendant, indorsed on the back of said bond, for the making of any award by said referees in the premises, to wit, on the first day of October, A. D. 1849, at Hopkinton, aforesaid, wrongfully hindered and prevented the making, by all of said referees, of any award of and concerning said costs, by causing and procuring said Cyrus Woods, one of said referees, to refrain from and refuse to have any consideration with said Stickney and Loveren, the other referees, or to take any further part with them in said reference, in relation to said costs, or to make any award with them of and concerning the same; and this, &c.

And for a further replication to said first plea, &c., the plaintiff says, &c., because he says that after the making of said writing obligatory, and before the commencement of this action, to wit, on the first day of October, 1849, in the deed of said defendant, indorsed upon said bond mentioned, at Hopkinton, aforesaid, the said Nathan Stickney and Benjamin Loveren, two of the arbitrators in the said condition above named, having taken upon themselves the burthen of arbitrating between the parties, then and there made their award between the said parties, of and upon the premises in the said condition above mentioned, in certain writings bearing date the same day and year, under the hands of said Stickney and Loveren, then ready to be delivered to

the parties, to wit, at said Hopkinton, by which said award the said Stickney and Loveren, two of the said arbitrators, set off to the said Melvin eighteen rods in width off of the south end or side of the land in said condition mentioned, and the remaining part of said land to said John Quimby, and erected good and sufficient bounds at each corner of said land, for which the parties agreed to quitclaim said land to each other, and awarded that said Melvin should have a free right to pass over said Quimby's land, commencing, &c., and running, &c., and said Quimby should have a right to pass free across said Melvin's land, commencing, &c., and running, &c., and further awarded that said Quimby should recover of said Melvin the sum of thirty-six dollars and forty-seven cents costs, and costs of referees, taxed at fourteen dollars and fifty cents, in all, the sum of fifty dollars and ninety-seven cents, as by the said award here into court brought more fully appears; and the plaintiff protesting, &c., says that the said defendant hath not paid the plaintiff said sum of fifty dollars and ninety-seven cents, or any part thereof, though often requested so to do, as by the form and effect of said award said defendant ought to have done, but the same is yet wholly unpaid; and this, &c.

And for a replication to the second plea, &c., the plaintiff says, &c., because he says that on the 7th day of September, 1849, at said Hopkinton, said arbitrators did make and publish another award of and concerning the matters submitted to them, to wit, an award making partition of the land in the condition of said bond named, as particularly set forth in the plaintiff's third replication to the first plea of said defendant here above replied; and this, &c.

And for a second replication to said second plea, &c., the plaintiff says, &c., because he says that said defendant, on said first day of October, 1849, wrongfully hindered and prevented said referees from making any award in the premises, of and concerning the costs of submission, other than

the aforesaid award of said Stickney and Loveren; and this, &c.

And for a third replication to said second plea, &c., the plaintiff says, &c., because he says that said defendant, on said first day of October, 1849, at said Hopkinton, did wrongfully cause and procure said Cyrus Woods, one of said arbitrators, to refrain from and refuse to participate in making any award of and concerning the costs of reference aforesaid; and this, &c.

And the plaintiff, as to the third plea, says, &c., because he says that an award, other than that set forth in said third plea, was made and published by the said arbitrators, of and concerning the premises submitted to them as aforesaid, to wit, at said Hopkinton, on the 7th day of September, 1849, as set forth in the third replication to said defendant's first plea; and this, &c.

And for a second replication to said third plea, &c., the plaintiff says, &c., because he says that said arbitrators did make and publish an award concerning the partition of the lot of land aforesaid, to wit, at said Hopkinton, on the 7th day of September, 1849, as particularly set forth in the third replication to said defendant's first plea aforesaid; and this, &c.

And for a third replication to said third plea, &c., the plaintiff says, &c., because he says that said arbitrators were wrongfully hindered and prevented by said defendant from making any other award than that in said plea set forth by said defendant, to wit, at said Hopkinton, on said first day of October, 1849; and this, &c.

And as to the fourth plea of said defendant, the plaintiff says, &c., because he says that the sum of thirty-six dollars and forty-seven cents, costs in said award, adjudged and awarded to be paid by said Melvin to the plaintiff, was a matter in difference between the said parties submitted to the arbitrators, as aforesaid, being a part of the costs and expenses incident to the said submission, to wit, at Hopkin-

ton, aforesaid, on said first day of October, 1849; and this, &c.

And for a second replication to said fourth plea, &c., the plaintiff says, &c., because he says that said sum of thirty-six dollars and forty-seven cents in said award named, was part of the costs attending upon and incident to the said reference, and submitted to said arbitrators for their decision by the terms of the condition of said bond, to wit, at said Hopkinton, on said first day of October, 1849; and this, &c.

There are general demurrers to these replications.

*Fowler*, for the plaintiff.

I.   The defendant's pleas are all bad for duplicity. They each and all of them embrace several distinct grounds of defence, or issuable matters alleged to the same point, that is to the whole, or to one and the same part of the defence, and requiring different answers, and are therefore bad. Gould's Pl. 421, and auth. cited; Co. Litt. 303, b. 304, a.; Bac. Ab. Pleas, &c., H. 1.

For instance, in the first, the allegation that the defendant in good faith did abide by his agreement to refer, and did in no way revoke the submission, and the allegation that the referees made no award within the time limited by the submission.

In the second, the allegation that Stickney and Loveren made an award without the aid or participation of Woods, that the referees made no other award, that in making this award Stickney and Loveren acted wholly without the aid and participation of Woods, and that Woods took no part in making the same.

In the third, the allegation that Stickney and Loveren made a certain award without the aid of Woods, that the referees made no other award, and that the referees never made any award concerning the division of the land.

In the fourth, the allegations that the division of the land and costs of reference were submitted to the referees, and

nothing else was submitted, that Stickney and Loveren made a certain award, that the referees never made any other award, that the sum of $36,47, in said award, adjudged to be paid the plaintiff by the defendant, was not any matter in difference between the parties, submitted to the referees, and that said sum was not the cost, or any part of the costs of said reference.

All these, at least, are traversable, and distinctly issuable matters, requiring distinct and different answers. The plaintiff, therefore, need not have answered the defendant's pleas otherwise than by a demurrer, and however defective the replications, they are good enough for bad pleas.

II. The defendant's pleas are evasive, as well as double. They do not directly traverse the provisions of the condition of the bond, or aver that the referees did not make an award agreeably to those provisions, or state correctly those provisions. They do not set forth a full and complete defence to the action, by denying the plaintiff's cause of action, but undertake to evade and avoid a direct answer.

III. The replications are correct and proper, being simply traverses of the issuable matters alleged in the several pleas of the defendant.

*H. A. & A. H. Bellows,* for the defendant.

The action is debt on a bond conditioned to abide the award of arbitrators, but without setting out the condition.

The first plea sets out the bond with the condition, and the plea is, that the defendant did abide, &c., and yet the arbitrators did not make an award.

The first replication denies that the defendant did abide, but before the making of any award by the referees of and concerning costs, wrongfully hindered and prevented said referees from making any award concerning costs. To this the defendant demurs generally.

The replication is bad, because it does not state that the arbitrators took upon them the burden of arbitrating be-

tween the parties; or attempted to make an award; or that the defendant hindered them from making such an award as was contemplated, namely, the partition of lot No. 8, but only that he hindered their making an award concerning costs, which is merely incident to the other; nor is it alleged that they did make an award concerning the partition, nor is any such award set out; neither is it alleged in what way the defendant hindered the making of any award.

The replication should set out the whole of the award, if one was made, and the circumstances necessary to give it validity. 3 Ch. Pl. 1176, and note.   Enough must be set out to show that the award was valid, and according to the submission.   If no award was actually made, the breach of the condition of the bond can be only by a revocation, or what is equivalent to a revocation.   Here the allegation is simply that the defendant wrongfully hindered, without saying how, but it does not appear that the arbitrators accepted the trust, or attempted to make an award at all, much less such an award as the submission contemplated.   It is not shown, therefore, even by inference, that they were attempting to make such an award as they had a right to make.

The second replication is open to all the exceptions taken to the first.   The allegation that the defendant procured Woods to refuse to take part in the award concerning costs avails nothing, because it does not appear from anything stated in the replication, that the arbitrators had any right to make such award, or that Stickney and Loveren attemped to do so.

As to the fourth replication to the first plea, (here stated third,) we say it is bad, because an award could not be made by two of the arbitrators; the power by the submission being a joint power only.   Cald. on Arb. 203, and notes.

Even where a majority had such power, by the terms of the submission, all must hear, and the award must show it.

So no notice of the award to the defendant is alleged, and

no offer by the plaintiff to perform the award, on his part, by executing and delivering his deed confirming such division or partition. And therefore the acts of the parties being concurrent, the plaintiff could not maintain his action without alleging and proving that he had performed on his part.

Again, said arbitrators have exceeded their authority by providing a right of way across the land so divided.

Again, the award is uncertain for not stating for what costs the $36,47 is awarded.

The second plea sets out an award by two, by Stickney and Loveren, of October 1, 1849, referring to an award heretofore made by an agreement of parties, on the 7th of September, 1849, relative to the division of the land, and awarding at this time (October 1, 1849,) costs, to be paid by the defendant; and the plea alleges that Stickney and Loveren acted wholly without the aid and participation of Woods.

The first replication to the second plea is bad, because it does not set out the further award, (3 Ch. Pl. 1176, and notes,) and the award referred to, as set out in the third replication to the first plea, is not a valid award, for the reasons assigned by the defendant, in relation to the said third replication. So no breach is assigned. If the replication sets out an award, breaches should be assigned. 3 Ch. Pl. 1175. Besides, the replication is no answer to the plea.

The second replication to the second plea is bad, for the reasons, substantially, as set forth in relation to the second replication to the plea; and, also, because it merely states that the defendant wrongfully hindered the referees from making any other award than the aforesaid award of said Stickney and Loveren, without stating how he so hindered, and without setting out such award.

As to the third replication to the second plea, the defendant says it is bad, for the reasons stated in relation to both the first and second replications to the first plea.

As to the first replication to the third plea, the defendant

Quimby *v.* Melvin.

says it is bad, on the ground stated in relation to the first replication to the second plea.

And the second replication to the third plea is bad, on the same grounds.

As to the third replication to the third plea, it is bad, for the reasons assigned in relation to the first and second replications to the first plea, and the second replication to the second plea.

· As to the first replication to the fourth plea, the defendant says it is bad, because it furnishes no answer to the plea, which alleges a submission, an award, and that part of the amount awarded was not within the submission. And the replication, to be good, must answer the whole plea, and must, in fact, set out a valid award and the breach ; and it is not enough to traverse one allegation in a plea, being part of a series of allegations, showing the award to be bad, making no answer to the other allegations, showing the award to be bad.

The plea, in fact, sets out the award of two only, without the participation of the third, and including matters not submitted. This appears on the face of the award itself, and the plea alleges that no other award was made.

The replication denies only that the $36,47 was not within the submission, and so admits all the rest, which leaves the award invalid.

The second replication to the fourth plea is subject to the same exceptions.

The pleas are not double, as is urged by the plaintiff. The several facts stated go to make up one single proposition.

Even if they were double, no advantage can be taken of that but by special demurrer. 1 Ch. Pl. 228. And upon the pleadings, as they stand, the plaintiff can insist only upon substantial defects in the plea.

BELL, J. The material part of the bond, as it appears

on oyer, is this. After reciting an agreement " to refer the partition" of a lot of meadow, the condition is that " if the defendant, on his part, shall in good faith abide by and fulfil his said agreement, in having and perfecting said reference, *and* shall abide by and confirm the division or partition which shall be made by said referees, &c., and shall pay all such costs, attending upon and incident to said reference, as said referees shall award, &c., then, &c.

The first plea is designed to set forth a performance of this condition, as to the first clause, and as to the second and third clauses, to show that no award was made, and they, therefore, could not be performed.

The first replication to this plea is designed as a traverse of the plea of performance of the first clause of the bond, by alleging that " defendant wrongfully hindered and prevented the referees from making an award as to the costs." This replication is a perfect answer to the plea, if well pleaded. For the defendant, it is said it is defective because it does not state that the arbitrators took upon themselves the burden of arbitrating between the parties, or attempted to make an award. No authority is cited for this position, and it does not strike us as well founded. If they were prevented by one party from making an award, it seems entirely immaterial whether they had undertaken to arbitrate or attempted to make an award. The rights of the parties would be neither more or less, whether those facts existed or not, if no award was in fact made. The fact relied upon, that the defendant hindered the referees from making an award, cannot be otherwise regarded than as a breach of this bond, however it might be in the case of an ordinary arbitration bond, since the condition here is that the said defendant " shall in good faith abide by and fulfil his said agreement in having and perfecting said reference." Hindering the perfecting of the reference is a breach of the condition. The condition evidently contemplates that the " referees should determine and award " the " costs at-

Quimby *v.* Melvin.

tending upon and incident to said reference." Independent of any provision respecting costs in the condition of an arbitration bond or agreement, arbitrators have power to award costs. *Spofford* v. *Spofford*, 10 N. H. Rep. 254; *Chapin* v. *Boody*, 5 Foster's Rep. 285. And to render their award valid, it must be an adjudication of all the matters submitted. *Varney* v. *Brewster*, 14 N. H. Rep. 49. To hinder an award, in any essential part, is, of course, to defeat any valid award. On special demurrer, the replication might be objectionable, because of its argumentative form, since the allegation should have been direct, that the defendant hindered the making of any award conformably to the bond.

It is objected that this replication is not a traverse of any thing alleged in the plea, and this appears to be the fact. The plea alleges that the defendant did in good faith abide by his agreement to refer the division and partition of the land, &c., and did in no way revoke the said submission." The replication denies nothing alleged in the plea, but its denial applies entirely to a matter not asserted in the plea. Nothing is alleged to obviate the effect of the matters alleged in the plea, which are, of course, admitted, as they are not denied. The replication is, therefore, defective. But it is said by the plaintiff that the defect is not in the replication, but in the plea, which alleges performance of the condition, so far as it applies to abiding by his agreement to refer the partition, but asserts nothing in regard to fulfilling his agreement, in having and perfecting the reference, or the payment of costs. It is evident from the replication, that this matter of not perfecting, not completing the reference, but preventing an award, is one of the grounds of complaint in the case, and as the plea does not reach this point, it is clearly insufficient. The second replication raises the same point in a different form. The third sets forth an award of two of the referees, in the absence of the other. Such an award, as both parties agree, is merely inoperative, and the replica-

tion is, therefore, bad ; but as the plea is bad, these defects in the replications are of no importance.

The second plea sets forth an award as to costs, made by two of the referees, and denies that any other award was made by them. To this plea the plaintiff replies, first, that two of the arbitrators did make another award, within the limited time, dividing the land ; second, that the defendant wrongfully hindered and prevented the referees from making any other award except that alleged ; and, third, that the defendant wrongfully procured Woods, one of the referees, to refuse to participate in any award.

The first replication is bad, because the award set up, being made by two only of the referees, is bad upon its face. The others are entirely sufficient. The plea sets forth a bad award, and denies that the referees made any other. Though defective, it is substantially that the referees made no valid award. The answers are that the defendant himself wrongfully prevented the making a proper award. This, if admitted, is a good answer. The defendant is not to take advantage of his own wrong.

The plea, in this case, is drawn from the forms adopted in actions founded on the common arbitration bonds. The condition of these is, that if the obligee shall stand to, abide, &c., the award of, &c., arbitrators indifferently elected, &c. In such a case, a plea of no award made is a sufficient answer. It may well be doubted whether a plea in this form, or substantially to this effect, is any sufficient excuse for neglecting to have and perfect a reference, which is entirely a different matter. It is not, however, necessary to pursue this inquiry, since it could not substantially vary the result.

The third plea alleges that the matters submitted were the division of the land and the costs of the reference, that two of the referees seasonably made an award as to the costs, but the said arbitrators made no award as to the partition, though notified.

The first replication sets forth another award, referring to

former parts of the pleadings, by two of the arbitrators. This is manifestly bad, as such an award is a nullity.

The second replication is the same, except that it alleges the other award to be "concerning the partition of the land aforesaid." It is bad for the same reason as the last.

The third replication is, that the arbitrators were wrongfully hindered by the defendant from making any other award. The plea is argumentative in its form, but its substantial effect is that the referees made no valid award. Regarding it in that light, the replication is a sufficient answer to it.

This plea admits the same doubts as have been suggested as to the second plea.

The fourth plea sets forth that the division of the land and the costs of the reference, were submitted to the referees, and nothing else; that two of them made an award without the aid of the other, awarding to the plaintiff certain costs, and that $36,30, part of the sum awarded, was not any matter in difference, submitted to the arbitrators, and was not the costs, or part of the costs, attending upon and incident to the said reference.

The first and second replications merely offer issues upon the allegations of the plea, and they seem to be sufficient traverses of the matters alleged. They offer, however, immaterial issues, since it is wholly unimportant what an award, by only two of the arbitrators, related to. It was a mere nullity. The plea, of course, which offers such an issue, must held bad.

The result, then, is, that the first and fourth pleas are clearly bad. The second and third pleas are argumentative, but this can be taken advantage of only on special demurrer. It is doubtful if they furnish, if admitted, any answer to the action. If held sufficient, the second and third replications to the second plea, and the third to the third plea, are substantially sufficient, and show a breach of the condition of the bond.

The first replication to the second plea, and the first and second replications to the third plea, are bad, and must be overruled.

*Judgment for the plaintiff.*